Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>20-014367-CZ<br>Hon.Annette J. Berry |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-4679

| Plaintiff's name(s), address(es), and telephone no(s)<br>Healey (nee) Palmer, Tiana | v | Defendant's name(s), address(es), and telephone no(s).<br>Mary Jane M Elliott P.C. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>John A. Evanchek 66157<br>43695 Michigan Ave<br>Canton, MI 48188-2516 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains   ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/30/2020 | Expiration date*<br>1/29/2021 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)       **SUMMONS**             MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
| Case No. : **20-014367-CZ** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐   **OFFICER CERTIFICATE** | OR | ☐   **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with Initial Disclosures  MCR 2.302, Notice of Taking of Deposition of Midland Funding , LLC & Midland Credit Management Inc. First Discovery requests to Mary Jane Elliott, Midland Funding, LLC and Midland Credit Management, Inc.

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                              Date

My commission expires: _____   Signature: _____
                              Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                            Attachments

_____ on _____
                         Day, date, time

_____ on behalf of _____

_____
Signature

Laverne Chapman   10/30/2020 3:42 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   FILED IN MY OFFICE   20-014367-CZ

**STATE OF MICHIGAN**
**IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY**

TIANA HEALEY (nee) TIANA PALMER,                    Case No. 20-_____-CZ
individually; and
TIANA HEALEY in a representative
capacity on behalf of
similarly situated persons,

                    Plaintiff,

          v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

                    Defendants.
_____/

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/

A civil action between Plaintiff and the Defendant Midland Funding LLC arising out
of the transaction or occurrence alleged in the complaint has been previously filed in
the State of Michigan, 35th District Court, County of Wayne, Midland Funding LLC
v. Tiana Palmer where it was given the case number Case No. 17C2420-GC and was
assigned to Judge Ronald W Lowe. A Default Judgment for Midland Funding was
entered on September 13, 2017, and on December 9, 2019, the Default Judgment was
set aside and a dismissal with prejudice was entered.

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff TIANA HEALEY (nee) TIANA PALMER, individually, and on behalf of a class of similarly situated persons, brings this action against Defendants Midland Funding LLC ("Midland Funding"), Midland Credit Management, Inc., ("MCM"), collectively ("the Midland Defendants"), and Mary Jane M. Elliott P.C. ("Elliott") under the Fair Debt Collection Practices Act and state law.

2.     The purpose of the FDCPA is, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3.     Congress designed the FDCPA to be enforced primarily through private parties, such as plaintiffs acting as "private attorneys general." *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (*citation omitted*); *Crabill v. Trans Union, LLC*, 239 F.3d 662, 66 (7th Cir. 2001).

4.     The Minnesota Attorney General has publicly stated that Midland Funding "has a history of targeting people and assuming that they owe the money until the citizen can show they don't owe the money." *See* Elizabeth Dunbar, Minn. AG accuses debt buyer of chasing wrong folks,      MPRnews      (Mar.      28,      2011)      *available      at* https://www.mprnews.org/story/2011/03/28/swanson-lawsuit-midland. (visited Oct. 26, 2020).

5.     Midland Funding appears to have a reoccurring pattern of suing persons who do not owe the debt at issue in a state court debt collection lawsuit, not serving the persons sued the state court complaint, and seeking to collect time barred debts. *See* Jessica Silver-Greenberg and Michael Corkey, Sued Over Old Debt, and Blocked From Suing Back (Dec. 22, 2015) *available*

2

*at      https://www.nytimes.com/2015/12/23/business/dealbook/sued-over-old-debt-and-blocked-from-suing-back.html* (visited Oct. 26, 2020); *see also In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., et al.*, 2015-CFPB-0022, Doc. 1, Consent Order, (CFPB Sept. 9, 2015) *available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf (visited Oct. 27, 2020).

### JURISDICTION AND VENUE

6.    This Court has jurisdiction under 15 U.S.C. § 1692k, as Wayne County Circuit Court is a court of competent jurisdiction, and this matter has been filed as a putative class action.

7.    Venue and personal jurisdiction over Defendants in this District is proper because:

    a.  Midland Funding, using an Affidavit executed by MCM in the normal course of its business, through Midland Funding's counsel Elliott, hired by MCM on behalf of Midland Funding, obtained a judgment against Plaintiff in the 35ʰ District Court, Case No. 17C2420-GC, (Exhibit A), located in Plymouth, Michigan, which is located in Wayne County; and

    b.  The successful Garnishments of Plaintiff's earnings arose in Wayne County.

### PARTIES

8.    Plaintiff is an individual who resides in the State of California, County of San Bernardino.

9.    Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692(a)(3) as, "any natural person . . . allegedly obligated to pay any debt".

10.    Plaintiff is a "consumer" or "debtor" as those terms are defined in MCL 445.251(1)(d) and MCL 339.901(1)(f) as she was alleged to owe a debt to Midland Funding.

11. Plaintiff is a "debtor" as that term is defined in Cal. Civ. Code § 1788.2(h) as she is a natural person from whom Midland Funding and MCM sought to collect a consumer debt that was alleged to be due and owing from Plaintiff.

12. Midland Funding is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing on form 10-Q, Aug. 8, 2008).

13. Midland Funding has no employees and all collection actions done on behalf of Midland Funding are done through MCM.

14. Midland Funding is not a passive debt buyer, it acquires debts for the purpose of having MCM either directly collect the debt, or at the direction of MCM to refer the debt to an attorney, such as Elliott, to file suit against the consumer in the name of Midland Funding.

15. Midland Funding's principal revenue is derived from the collection of debts it has purchased.

16. Midland Funding is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who through its agents uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

17. MCM is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

18. "Midland [Funding, LLC], M[idland] C[redit] M[anagement] . . . are wholly-owned subsidiaries of Encore Capital and share common officers and directors with Encore Capital. Midland and MCM operate in concert with one another, and under the direct supervision and control of Encore

4

Capital, to purchase and collect Consumer Debt on a massive scale." *In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., et al.*, 2015-CFPB-0022, Doc. 1, Consent Order, p. 5.

19.     Midland Funding is liable for the acts and omissions of MCM. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2018); *see also Haddad v. Midland Funding, LLC*, 225 F. Supp. 3d 735, 746-47 (N.D. Ill. 2017); *see also Skinner v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 2812 * 7-9, 2018 WL 319320 (N.D. Ill. Jan. 8, 2018).

20.     Midland Funding is liable for the acts and omissions of Elliott. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2018); *see also Haddad v. Midland Funding, LLC*, 225 F. Supp. 3d 735, 746-47 (N.D. Ill. 2017); *see also Skinner v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 2812 * 7-9, 2018 WL 319320 (N.D. Ill. Jan. 8, 2018).

21.     MCM is liable for the acts and omissions of Elliott. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2018); *see also Haddad v. Midland Funding, LLC*, 225 F. Supp. 3d 735, 746-47 (N.D. Ill. 2017); *see also Skinner v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 2812 * 7-9, 2018 WL 319320 (N.D. Ill. Jan. 8, 2018).

22.     MCM possesses multiple Collection Agency licenses in the State of Michigan that are for its domestic, off-shore, and foreign collection operations, including license numbers: 2401002426; 2401002428; 2401002429; 2401002431; 2401002703; 2401002817; 2401002888; 2401003220; and 2401003221.

23.     Midland Funding and MCM are subject to the Michigan Occupational Code.

24.     MCM and Midland Funding are a "debt collector" as that term is defined in Cal. Civ. Code § 1788.2(c) as being "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection. The term includes any person who

composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection."

25.     Midland Funding is a Foreign Limited Liability Company, and its resident agent and its name is Midland Credit Management, Inc., 320 East Big Beaver, Suite 300, Troy, MI 48083.

26.     MCM is a Foreign Profit Company, and its resident agent and its name is Midland Funding, LLC, 320 East Big Beaver, Suite 300, Troy, MI 48083.

27.     MCM Officers and Directors' address is 350 Camino De La Reina, Suite 300, San Diego, CA, 92108.

28.     Midland Funding's corporate offices are believed to be in the same building as MCM's corporate offices at 350 Camino De La Reina, San Diego, CA, 92108.

29.     Elliott is a Michigan Domestic Professional Corporation that is a law firm, its resident agent and his name is Daniel J. Manion, 24300 Karim Blvd., Novi, Michigan 48375.

30.     Elliott is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

31.     Elliott is subject to the Regulation of Collection Practices Act as it is a "Regulated person" as that term is used in MCL 445.251(g)(xi) as it is an attorney who is handling a claim or collection on behalf of a client and in the attorney's own name. *Carpenter v. Monroe Fin. Recovery Group, LLC,* 199 F. Supp. 630 (E.D. Mich. 2015) (*quoting* MCL 445.251(g)) and (*quoting Newman v. Trott & Trott, P.C.,* 889 F. Supp. 948, 966-67 (E.D. Mich. 2012)); *see also Misleh v. Timothy E. Baxter & Assocs.,* 786 F. Supp. 1330, 1337 (E.D. Mich. 2011) (citations omitted)

6

## FACTS

32.     MCM, on Midland Funding's behalf, made a determination to initiate collection activity or activities against Plaintiff in the State of Michigan.

33.     MCM contracted on Midland Funding's behalf, with Elliott, authorizing Elliott to file suit on Midland Funding's behalf against Plaintiff in the State of Michigan.

34.     There was no basis for a suit against Plaintiff, a resident of the State of California, to be filed in the State of Michigan.

35.     Elliott, on behalf of Midland Funding, filed a lawsuit against Plaintiff in the 35th District Court, County of Wayne, captioned Midland Funding LLC v. Tiana Palmer where it was given the case number Case No. 17C2420-GC (the "state court complaint"). (Exhibit A).

36.     The state court complaint was filed upon an "open account" claim only. (Exhibit A ¶ 3).

37.     The state court complaint identified the "open account" as being obtained from "BARCLAYS BANK DELAWARE". (Exhibit A ¶ 2).

38.     The state court complaint identified that statements on the "open account" were sent and stated a 16-digit account number.

39.     16-digit account numbers are used with credit card accounts, and as such, on information and belief, the state court lawsuit was related to a credit card account. *See https://www.credit.com/blog/what-your-credit-card-number-means-94136/*

40.     No contract was attached to the state court complaint.

41.     On information and belief, the "open account" described in the state court complaint was for one or more transactions between a natural person and another person in which

property, services, or money was acquired on credit by that natural person from the other person primarily for personal, family, or household purposes.

42.     The state court complaint was not filed against a business, but against an individual.

43.     The "open account" described in the state court complaint did not appear on Plaintiff's credit report.

44.     Plaintiff is unsure as to what the "open account" relates to and neither the state court complaint nor the AFFIDAVIT OF PATRICIA SOLTIS does not state a beginning date for when the "open account" was allegedly established.

45.     On information and belief, the "open account" described in the state court complaint was in default and no payment being made for at least three years prior to the filing of the state court complaint.

46.     On information and belief, the "open account" described in the state court complaint was in default and no payment being made for at least four years prior to the filing of the state court complaint.

47.     On information and belief, the "open account" described in the state court complaint was in default and no payment being made for at least six years prior to the filing of the state court complaint.

48.     Plaintiff was not served with the summons and complaint in the state court matter.

49.     Elliott served or caused to be served a person, not Plaintiff, with the summons and complaint in the state court matter.

50.     The person served with the summons and state court complaint according to the proof of service was a white female 25-30, 5 ft 4 inches, 160 to 170 lbs with dark hair. (Exhibit B).

8

51.     Plaintiff is African American and approximately 5 feet 8 inches tall.

52.     On September 13, 2019, a default judgment for Midland Funding and against Plaintiff in the state court matter was entered.

53.     On or around August 30, 2019, Defendant's caused a writ of garnishment to be issued to Plaintiff's employer, Delta Air Lines, Inc.

54.     Delta Air Lines, Inc., is incorporated under the laws of the State of Delaware and its principal executive offices are located in Atlanta, Georgia.  Delta Air Lines, Inc. 10Q (Sept. 30, 2020)  *available    at    https://s2.q4cdn.com/181345880/files/doc_financials/2020/q3/DAL-9.30.2020-10Q-10.13.20-Filed.pdf* (visited Oct. 27, 2020).

55.     On or around October 18, 2019, the state court received Plaintiff's objection to the garnishment.

56.     Plaintiff traveled from California to Michigan and on October 30, 2019, Plaintiff personally appeared before in the state court to object to the garnishment.

57.     On October 30, 2019, Judge stated in open court that, the description on the proof of service does not match Plaintiff.  *See* (Exhibit C) ("JUDGE MADE SPECIFIC MENTION ON THE RECORD ON 10/30/2019 THAT DESCRIPTION ON THE POS DID NOT MATCH DEF[.]")

58.     Despite the Judge's comment, the attorney appearing for the Defendants did not dismiss the garnishment, or the state court complaint, and a hearing was set for November 13, 2019.

59.     After the October 30, 2019, court appearance, due to the attorney appearing not dismissing the garnishment, Plaintiff, decided to hire local counsel, and eventually hired Kelley & Evanchek, P.C., in Canton, Michigan.

60.     On November 6, 2019, Plaintiff's counsel filed a motion to set aside the default judgment and to dismiss the state court matter.

61.     On November 19, 2019, the state court issued a notice to appear on December 4, 2019.

62.     On December 3, 2019, the court received the stipulation of Midland Funding and Plaintiff to set aside the judgment and dismiss the case for non-service.  Id.; *see* (Exhibit D).

63.     On December 9, 2019, the default judgment was set aside and a dismissal with prejudice was entered.  Id.

64.     Defendants did not prevent $308.10 from being garnished from Plaintiff's paycheck for the December 20, 2019 pay period. *See* (Exhibit E).

65.     Defendants did not prevent $105.35 from being garnished from Plaintiff's paycheck for the January 3, 2020 pay period. *See* (Exhibit F).

<b>DAMAGES</b>

66.     Plaintiff had to take time and expend resources to travel from California to Michigan to challenge the garnishment, arising from the judgment, in Court.

67.     On October 31, 2019, Plaintiff paid $500 to Kelley & Evanchek P.C. a retainer fee related to the state court case.

68.     On or around November 6, 2019, from the retainer fee a $20 motion fee was paid to the state court to set aside the default judgment entered against Plaintiff.

69.     Plaintiff suffered the loss of the use of the money that was wrongfully garnished from her.

70.     Pursuant to MCL 445.257:

(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.

(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

71.     Pursuant to MCL 339.916

(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief.

(2) If the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in connection with the action.

72.     Pursuant to 15 U.S.C. § 1692k:

(a) Amount of damages Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
    (1) any actual damage sustained by such person as a result of such failure;
    (2)
        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; * * *
    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court....

73.     Pursuant to the RFDCPA, the court may award statutory damages that are no "less than one hundred dollars ($100) nor greater than one thousand dollars ($ 1,000)." Cal. Civ. Code § 1788.30(b); *Mey Saechao v. Prime Recovery LLC*, No. 2:19-cv-1723 KJM DB, 2020 U.S. Dist. LEXIS 91714, at *10 (E.D. Cal. May 25, 2020) (*citation omitted*) ("The Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief.")

11

74.     Pursuant to the RFDCPA, in part, "In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor". Cal. Civ. Code § 1788.30(c).

## COUNT I
## WRONGFUL GARNISHMENT AFTER DISMISSAL OF STATE COURT CASE

75.     Plaintiff incorporates paragraphs 1-74 herein.

76.     The Fair Debt Collection Practices Act Count is against all Defendants and is brought against them by Plaintiff individually.

77.     The Rosenthal Act claim is against Defendant Midland Funding and is brought against it by Plaintiff individually.

78.     15 U.S.C. § 1692f, in part, provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

79.     Defendants' failure to stop Plaintiff's paycheck from being garnished for the December 20, 2019 pay period, *see* (Exhibit E), violated 15 U.S.C. §§ 1692f, f(1). *See Scott v. Trott Law, P.C.,* 760 Fed. Appx. 387, 393 (6th Cir. 2019) (unpublished) (debt collector's failure to cease collection efforts after receiving the debtor's dispute letter violated the FDCPA).

80.     Defendants' failure to stop Plaintiff's paycheck from being garnished for the January 3, 2020 pay period, *see* (Exhibit F), violated 15 U.S.C. §§ 1692f, f(1). *See Scott,* 760 Fed. Appx. at 393.

81.     Midland Funding's violation of the FDCPA, is also a violation of the Rosenthal Act. *See Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005) ("[b]ecause defendant has violated the FDCPA for the reasons stated herein, the Court concludes that defendant has also violated Cal. Civ. Code § 1788.17")

82.     Cal. Civ. Code § 1788.17 provides in part, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

83.     Defendant Midland Funding violated Cal. Civ. Code § 1788.17.

## COUNT II
## WRONGFUL GARNISHMENT – VENUE VIOLATION

84.     Plaintiff incorporates paragraphs 1-74 herein.

85.     The Fair Debt Collection Practices Act Count is against all Defendants and is brought against them by Plaintiff individually.

86.     Should discovery determine that there is a sufficient number of persons whom Midland Funding and MCM garnished in an improper venue, Plaintiff places these two Defendants on notice from the date of this Complaint to preserve this class allegation under the relation back doctrine.

87.     The Rosenthal Act claim is against Defendant Midland Funding and is brought against it by Plaintiff individually.

88.     15 U.S.C. §§ 1692i(a)(1),(2)(A)-(B) provides:

(a) Venue Any debt collector who brings any legal action on a debt against any consumer shall—
   (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

13

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
    (A) in which such consumer signed the contract sued upon; or
    (B) in which such consumer resides at the commencement of the action.

89. Defendants' garnishment of Plaintiff's December 20, 2019 pay period, *see* (Exhibit E), violated 15 U.S.C. §§ 1692i(a)(1),(2)(A)-(B).

90. Defendants' garnishment of Plaintiff's January 3, 2020 pay period, *see* (Exhibit F), violated 15 U.S.C. §§ 1692i(a)(1),(2)(A)-(B).

91. Defendant Midland Funding violated Cal. Civ. Code § 1788.17.

**WHEREFORE** for Counts I and II, Plaintiff requests this Honorable Court to award her $1,000 in total for statutory damages under the FDCPA and $1,000 under the Rosenthal Act, actual damages, along with reasonable attorney's fees and costs.

## COUNT III – SUIT ON A TIME BARRED DEBT

92. Plaintiff incorporates paragraphs 1-74 herein.

93. This Count brought by Plaintiff individually against all Defendants.

94. MCL 445.251(c) defines "Communicate" as a "means to convey information regarding a debt directly or indirectly to a person through any medium."

95. MCL 445.252(e) prohibits, "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt."

96. MCL 445.252(f) prohibits misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.
    (ii) The legal rights of the creditor or debtor.

97. MCL 339.901(d) defines "Communicate" as a "means to convey information regarding a debt directly or indirectly to a person through any medium."

98.    MCL 339.915(e) prohibits, "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt."

99.    MCL 339.915(f) prohibits misrepresenting in a communication with a debtor 1 or more of the following:

        (i)     The legal status of a legal action being taken or threatened.
        (ii)    The legal rights of the creditor or debtor.

100.    The statute of limitations in Michigan on a credit card debt is typically six-years, however, Delaware law, which governs credit cards issued by Barclays Bank Delaware, are governed by a three-year statute of limitations.

101.    The statute of limitations in California, where Plaintiff resides, on a credit card debt is typically four-years.

102.    On information and belief, the subject debt in the state court matter was beyond the applicable statute of limitations at the time the state court lawsuit against Plaintiff was filed.

103.    Defendants failed to disclosure that the subject debt was time barred.

104.    Elliott's conduct violated MCL 445.252(e) and MCL 445.252(f)(i), (ii).

105.    Elliott's conduct was willful, as it is believed that Elliott at the time it filed the state court lawsuit had information that the debt was time barred.

106.    Midland Funding and Midland's conduct violated 339.915(e) and 339.915(f)(i), (ii).

107.    Midland Funding and Midland's conduct was willful, as it is believed that Midland Funding and MCM, at the time Elliott filed the state court lawsuit, had information that the subject debt was time barred.

**PRAYER FOR RELIEF,** Plaintiff requests this Honorable Court to award her actual damages, actual damages trebled, along with reasonable attorney's fees and costs.

## COUNT IV – SUIT ON TIME BARRED DEBTS
## CLASS CLAIM

108.    Plaintiff incorporates paragraphs 1-74 herein.

109.    This Count is brought by Plaintiff in a representative capacity against Midland Funding and Midland Credit Management.

110.    When Midland Funding purchases debt, it does so by purchasing a portfolio which contains many accounts.

111.    On information and belief, debt portfolios are priced, in part, on the age of the debt.

112.    It is believed that Midland Funding purchased one or more portfolios of debt, where the original creditor was Barclays Bank Delaware, that contained accounts that were beyond the applicable statute of limitations.

113.    The affidavit signed by Patricia Soltis, "a Legal Specialist" does not state a last date of payment on the subject debt.

114.    The statute of limitations in Michigan on a credit card debt is typically six-years, however, Delaware law, which governs credit cards issued by Barclays Bank Delaware, are governed by a three-year statute of limitations.

115.    The state court lawsuit filed against Plaintiff was beyond the applicable statute of limitations.

116.    Midland Funding and Midland's conduct violated 339.915(e) and 339.915(f)(i), (ii).

117.    Plaintiff brings a class against Midland Funding and MCM on behalf of: All persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding as the state court plaintiff, (c) in which the state court complaint was based on a credit card debt originating with Barclays Bank Delaware (d) in which the state court lawsuit was filed

16

after six-years from the date of last payment or purchase on the account, (e) for a time period six-years before the filing of this lawsuit until a class is certified.

118.    On information and belief there are 40 or more persons that are defined in paragraph 117.

119.    Plaintiff brings a class against Midland Funding and MCM on behalf of: All persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding as the state court plaintiff, (c) in which the state court complaint was based on a credit card debt originating with Barclays Bank Delaware (d) in which the state court lawsuit was filed after three-years from the date of last payment or purchase on the account, (e) for a time period six-years before the filing of this lawsuit until a class is certified.

120.    On information and belief there are 40 or more persons that are defined in paragraph 119.

121.    There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

122.    The predominate question are whether the Midland entities caused to be filed a lawsuit on a time barred debt in which Barclays Bank Delaware was the original creditor.

123.    Plaintiff will fairly and adequately protect the interests of a class.

124.    Plaintiff has retained Curtis C. Warner, who is an attorney experienced in handling class actions.

125.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE**, Plaintiff in a representative capacity against requests this Honorable Court to enjoin Midland Funding and Midland Credit Management from taking any further

collection action against the class members, award any other class equitable relief the Court deems appropriate and to award reasonable attorney's fees and costs.

## COUNT V – SUIT ON AN "OPEN ACCOUNT"
### CLASS CLAIM

126.    Plaintiff incorporates paragraphs 1-74 herein.

127.    This Count is brought by Plaintiff in a representative capacity against all Defendants.

128.    Credit card accounts, like the Barclays credit card account Plaintiff was sued upon are governed by a written contract that contain written terms and conditions. *See e.g.* *https://www.barclaycardus.com/applycontent/TnCs.jsp?tc40678* (visited October 27, 2020).

129.    Credit cards are not an "open account" under Michigan law. *See Fisher Sand & Gravel Co. v. Neal A. Sweebie, Inc.*, 494 Mich. 543, 570, 570 n.73 (2013) ("an open account, like an account stated, is premised on an express or implied contract. In some instances, the credit relationship between the creditor and debtor may be defined by an express contract." "Of course, when the credit relationship is provided for by the terms of the parties' contract, those terms shall govern. A credit card relationship is an example of this type of contract.")

130.    "[A]n open account claim cannot be established by the mere performance or nonperformance of the contract obligation. Under those circumstances, the creditor's remedy is to timely pursue a breach of contract action when the debtor fails to live up to the terms of the underlying agreement. *Fisher Sand & Gravel Co. v. Neal A Newbie, Inc.*, 494 Mich. 543, 568, 837 N.W.2d 244, 258-59 (2013).

131.    Filing suit on an "open account" as opposed to a breach of contract claim eases the plaintiff's evidentiary burden in obtaining a default judgment, can be substantiated by an affidavit without regard to the actual contractual terms that govern the debtor-creditor relationship, and

reduces the costs to the debt purchaser who, on information and belief must pay more for documentation to support the underlying credit card debt.

132.   Elliot violated MCL § 445.252(e) making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt as Midland Funding has no right to proceed under Michigan law under an "open account" theory when the underlying debt is an alleged breach of a credit card agreement.

133.   Elliott violated 445.252(f)(ii) in misrepresenting Midland Funding's legal rights as Midland Funding has no right to proceed under Michigan law under an "open account" theory when the underlying debt is an alleged breach of a credit card agreement.

134.   Midland Funding and MCM, violated MCL § 339.915(e) making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt as Midland Funding has no right to proceed under Michigan law under an "open account" theory when the underlying debt is an alleged breach of a credit card agreement.

135.   Midland Funding and MCM, violated MCL § 339.915(f)(ii) as Midland Funding has no right to proceed under Michigan law under an "open account" theory when the underlying debt is an alleged breach of a credit card agreement.

136.   Plaintiff brings a class against Midland Funding and MCM on behalf of: All persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding as the state court plaintiff, (c) in which the state court complaint contained an "account stated" claim and an affidavit signed by an employee of MCM or an officer for Midland Funding, (d) in which the underlying debt is a credit card account, (e) for a time period six-years before the filing of this lawsuit and until a class is certified.

137.   On information and belief, there are 40 or more persons defined in paragraph 136.

138.    Plaintiff brings a class against Elliott on behalf of: All persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in which the state court complaint contained an "account stated" claim, (c) in which the underlying debt is a credit card account, (d) for a time period six-years before the filing of this lawsuit and until a class is certified.

139.    There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

140.    The predominate question is whether as a matter of Michigan law may a plaintiff proceed on an "open account" theory when suing on a credit card account, instead of suing under a breach of contract theory.

141.    Plaintiff will fairly and adequately protect the interests of each class.

142.    Plaintiff has retained Curtis C. Warner, who is an attorney experienced in handling class actions.

143.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE**, Plaintiff in a representative capacity against requests this Honorable Court to enjoin Defendants from taking any further collection action against the class members under an "open account" theory, award any other class equitable relief the Court deems appropriate and to award reasonable attorney's fees and costs.

Respectfully submitted,
/s/ Curtis C. Warner
Curtis C. Warner

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suit 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal

20

# EXHIBIT A

To re-order this form, call (517) 337-1211
Target Information Management, Inc.

Original - Court          2nd copy - Plaintiff
1st copy - Defendant      3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| 35TH DISTRICT COURT | Page    of    Pages<br>C1702563 | |

Court address                                                    Court telephone no.

MIDLAND FUNDING LLC
AS SUCCESSOR IN INTEREST OF
BARCLAYS BANK DELAWARE

_____
Plaintiff
vs.
TIANA PALMER

_____
Defendant
                                              /

MARY JANE ELLIOTT P.C. P32732
Attorney for Plaintiff
24300 Karim Blvd
Novi, MI 48375
(248) 306-2000

1. This cause of action arose within the jurisdiction of this Court in the County of ____WAYNE_____ .

2. Plaintiff's __MIDLAND FUNDING LLC_____ predecessor in interest is __BARCLAYS BANK DELAWARE_____ .

3. Plaintiff's assignor allowed Defendant to charge goods and or services on open account, and upon Defendant's promise to pay for same.

4. On information and belief, Plaintiff's assignor sent statements on account number **REDACTED** ****028 to the Defendant who did not dispute the charges or object within a reasonable time.

5. Defendant has not paid the balance owing on the account, despite Plaintiff's and Plaintiff's assignor demands for payment.

6. Defendant's failure to pay has resulted in default on the account.

7. Plaintiff's assignor has completed performance and rendered an account stated; Affidavit attached.

8. Defendant is now justly indebted to Plaintiff over and above all legal counterclaims, in the amount of __$1,067.00_____

Plaintiff requests that this court enter judgement against Defendant in the amount of ___$1,067.00_____ plus interest, cost and attorney fees.

I declare that the complaint information and attached is true to the best of my knowledge.

__6.7.17_____
Date

                                    Signature of attorney/plaintiff
                                    Daniel J. Manion P49904
                                    Kara Bailey P73071
                                    Susanne Strichartz P44015
                                    Lisa M Martin P58801
                                    Brian C. Truba P61752

MC 01a-3 (3/85) **SUMMONS AND COMPLAINT**

C1702S03

State of MICHIGAN

MIDLAND FUNDING LLC,

Plaintiff

-vs-                                          AFFIDAVIT OF PATRICIA SOLTIS

TIANA PALMER,

Defendant(s).

Patricia Soltis, whose business address is 16 McLeland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.    I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of Plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on Plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to Defendant's BARCLAYS BANK DELAWARE account XXXXXXXXXXXX3028 (MCM Number 8571329978) (hereinafter "the account"). I have access to and have reviewed the electronic records pertaining to the account maintained by MCM and am authorized to make this affidavit on Plaintiff's behalf. The electronic records reviewed consist of data acquired from the seller when Plaintiff purchased the account, together with records generated by MCM in connection with servicing the account since the date the account was purchased by Plaintiff.

2.    MCM's records show that Defendant(s) owed a balance of $1,067.00 as of 2017-03-16.

3.    On or about 2016-07-29, the account was sold from BARCLAYS BANK DELAWARE to Midland Funding LLC. The account was then sold to the following debt buyers in order of occurrence on or about:

Not Applicable



AFFIDAVIT OF PATRICIA SOLTIS - 1





8571329978                          AFFRECORD                          C1702563

C1702563

I certify under penalty of perjury that the foregoing statements are true and correct.

MAR 2 0 2017

Date _____

Patricia Soltis _____

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on MAR 2 0 2017 _____ by Patricia Soltis.

_____

(Seal)

PAMELA JOAN LAUDENBACH
Notary Public
State of Minnesota
My Commission Expires
January 31, 2021

Notary Public

MI13
MARY JANE ELLIOTT, P.C.

AFFIDAVIT OF PATRICIA SOLTIS - 2


8571329978


AFFRECORD


C1702563

# EXHIBIT B

**PROOF OF SERVICE**

SUMMONS AND COMPLAINT
Case No. *17C2420 GC*

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE** *C1702563*

| ☐ **OFFICER CERTIFICATE** OR | ☒ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☒ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| *TIANA Palmer W/F 25-30 5'4 (160-170lb) Dark Hair* | *43657 Yorkville Ct Canton MI 48188* | *Thurs 7-13-17 5pm* |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ *20* | *14* | $*11.20* | $ *37.20* |

Signature *Richard McKinney*
Name (type or print) *Richard McKinney*
Title *Process Server*

Subscribed and sworn to before me on *7/14/17*
Date

My commission expires: *9/23/20*
Date

Notary public, State of Michigan, County of *Macomb*

*Macomb* County, Michigan.

Signature: _____
Deputy court clerk/Notary public

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____

_____
Signature

# EXHIBIT C

9/16/2020                                                Register of Action

 **Return**          **Register of Action**

Enter New Search

**Some personal information has been removed to
protect the individual**

```
|STATE OF MICHIGAN     |                     |   CASE NO: 17C2420GC     GC  |
|35TH JUDICIAL DISTRICT|   REGISTER OF ACTIONS |                            |
|                      |                     |                            |
|                      |                     |                            |
```

Court Address 660 PLYMOUTH ROAD                          Court Telephone
              PLYMOUTH            MI   48170               (734) 459-4740

JUDGE OF RECORD: LOWE,RONALD W.,                              P-33915

```
                                         Attorney
P01   PLAINTIFF              (CLSD)       P-32732
      MIDLAND FUNDING LLC//              ELLIOTT,MARY JANE M.,
(ASN)BARCLAYS BANK DELAWARE//            24300 KARIM BLVD
                                         NOVI              MI 48375
                                         (248) 306-2000


D01   DEFENDANT              (CLSD)       P-66157
      PALMER/TIANA/                      EVANCHEK,JOHN A.,
      955 DUESENBERG DR #4215            43695 MICHIGAN AVE
      ONTARIO          CA 91764          CANTON            MI 48188
                                         (734) 397-4540
```

```
  DATE              ACTIONS, JUDGMENTS, CASE NOTES            INITIALS

06/12/17
   P01        SUMM & COMP  FILED               ELLIOTT,MARY JA P-32732 AF
              FILING FEE PAID        $55.00  RCPT # D742852          CIV
              CHECK TENDERED 307604                                 CIV
06/14/17
   D01        SUMM & COMP  TO USE OWN PROCESS SRVER ISSUED           AF
                                                  $1,067.00
```

9/16/2020                                    Register of Action

```
 07/13/17
    D01        SUMM & COMP    PERSONALLY SERVED                              MAD
 09/13/17
    D01        JUDGMENT BY DEFAULT ENTERED (RWL    )        $1,159.20        PLW
 12/05/17
               GARN FEE PAID          $15.00  RCPT # D751020                 CIV
               CHECK TENDERED 362815                                         CIV
 12/27/17
               GARN FEE PAID          $15.00  RCPT # D751802                 CIV
               CHECK TENDERED 368976                                         CIV
 01/10/18
    D01   1    WRIT OF GARN-INCOME TAX ISSUED              $15.00            MAD
               GARN-DEFN# 01 MICHIGAN DEPT OF TREASURY//  (XPIRES: 10/31/18)
    D01   2    WRIT OF GARN-NON-PERIODIC ISSUED            $15.00            MAD
               GARN-DEFN# 02 BANK OF AMERICA//            (XPIRES: 07/11/18)
 01/23/18
               D01 GAR# 02-NON PER -CLOSED: NOT INDEBTED                     PLW
    D01   2    DISCLOSURE NOT INDEBTED FILED                                 PLW
               ACCOUNTS CLOSED TSD 2/12
               GARN-DEFN# 02 BANK OF AMERICA//
 07/16/18
               GARN FEE PAID          $15.00  RCPT # D758078                 CIV
               CHECK TENDERED 400161                                         CIV
 08/16/18
    D01   3    WRIT OF GARN-INCOME TAX ISSUED              $15.00            MAD
               GARN-DEFN# 03 MICHIGAN DEPT OF TREASURY//  (XPIRES: 10/31/19)
 11/05/18
MIDLAND FUNDING LLC//  v  PALMER/TIANA/         CASE#: 17C2420GC   PAGE:  2
```

---

| DATE |  ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|---------------------------------|----------|

---

```
               D01 GAR# 01-INCM TAX-CLSD 10/31 EXP
 08/12/19
               GARN FEE PAID          $15.00  RCPT # D773641                 CIV
               CHECK TENDERED 499858                                         CIV
 08/20/19
               GARN FEE PAID          $15.00  RCPT # D774071                 CIV
               CHECK TENDERED 494762                                         CIV
 08/30/19
    D01   4    WRIT OF GARN-PERIODIC ISSUED               $15.00            JMT
               GARN-DEFN# 04 DELTA AIR LINES//            (XPIRES: 02/28/20)
               D01 GAR# 04-PERIODIC-- PERIODIC                              JMT
    D01   5    WRIT OF GARN-INCOME TAX ISSUED             $15.00            JMT
```

9/16/2020                                    Register of Action

```
              GARN-DEFN# 05 MICHIGAN DEPT OF TREASURY//  (XPIRES: 10/31/20)
10/18/19
   D01      OBJECTION TO GARNISHMENT FILED                                   PLW
10/21/19
   ALL      OBJECTION TO GARNISHMENT SCHEDULED                               PLW
                             10/30/19  02:00P

10/28/19
            RCVD FOR FILING PLTF'S RESP TO DEF'S OBJ TO                      PLW
            GARN AND POS                                                     PLW
10/30/19
   ALL      OBJECTION TO GARNISHMENT SCHEDULED                               PLW
                             11/13/19  02:00P

   ALL      NOTICE TO APPEAR ISSUED                                          PLW
            DAVID CANINE APPEARED ON BEHALF OF PLTF ATTY                     PLW
11/06/19
   D01      APPEARANCE FILED (LTD APP)           EVANCHEK,JOHN A P-66157 PLW
   D01      NOTICE FILED                         EVANCHEK,JOHN A P-66157 PLW
   D01      MOTION TO SET ASIDE DEFAULT JUD FILED EVANCHEK,JOHN A P-66157 PLW
   D01      MOTION TO DISMISS FILED              EVANCHEK,JOHN A P-66157 PLW
   D01      BRIEFS FILED                         EVANCHEK,JOHN A P-66157 PLW
            D01 GAR# 03-INCM TAX-CLSD 10/31 EXP

11/07/19
            MOTION FEE PAID        $20.00  RCPT # D778342                    CIV
            CHECK TENDERED 5161                                              CIV
            SET ASIDE DFLT JMT/DISM                                         CIV
11/12/19
   ALL      OBJECTION TO GARNISHMENT ADJOURNED                              PLW
                             11/13/19  02:00P
            HEARING OBJECTION AT SAME TIME AS MOTION TO                     PLW
            SET ASIDE DFLT JMT                                              PLW
11/19/19
   ALL      OBJECTION TO GARNISHMENT SCHEDULED                             PLW
                             12/04/19  02:00P
   ALL      MOTION TO SET ASIDE DEFAULT JUD SCHEDULED                      PLW
                             12/04/19  02:00P
   ALL      HEARING TO DISMISS SCHEDULED                                   PLW
                             12/04/19  02:00P
   ALL      NOTICE TO APPEAR ISSUED                                        PLW
   ALL      NOTICE TO APPEAR ISSUED                                        PLW
            D01 PREV.  43657 YORKVILLE CT                                  PLW
               ADDR:  CANTON          MI 48188                             PLW
            SPOKE W/JACKIE; JUDGE MADE SPECIFIC MENTION ON                 PLW
            THE RECORD ON 10/30/19 THAT DESCRIPTION ON THE                 PLW
```

9/16/2020                                      Register of Action

```
MIDLAND FUNDING LLC//  v  PALMER/TIANA/          CASE#: 17C2420GC   PAGE:  3
```

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|
| | POS DID NOT MATCH DEF; BASED ON THAT, WE TOLD | PLW |
| | DEF ATTY DEF DOES **NOT** NEED TO BE HERE ON | PLW |
| | 12/4/19 | PLW |
| 12/03/19 | | |
| | STIP'D ORDER RCVD VIA FAX; PARTIES NEED NOT | PLW |
| | APPEAR TOMORROW | PLW |
| 12/09/19 | | |
| | D01 GAR# 04-PERIODIC-CLOSED: RELEASE LIABILITY | PLW |
| | D01 GAR# 05-INCM TAX-CLOSED: RELEASE LIABILITY | PLW |
| D01 | ORDER TO SET ASIDE DEFAULT JUD ENTERED(RWL    ) | PLW |
| D01 | DISMISSAL WITH PREJUDICE ENTERED (RWL    ) | PLW |
| 12/20/19 | | |
| | POS OF MAILING GARN RELEASES FILED BY PLTF ATY | PLW |

```
            ***** END OF REGISTER OF ACTIONS ***** 09/16/20 14:20
```

Enter New Search

# EXHIBIT D

C1702563

## STATE OF MICHIGAN
## IN THE 35ᵗʰ JUDICIAL DISTRICT COURT

MIDLAND FUNDING, LLC,
     Plaintiff,

vs.                          Case No: 17C2420 GC

TIANA PALMER,
     Defendant.
                                                             /

| | |
|---|---|
| Mary Jane M. Elliott, P.C. | Kelley & Evanchek, P.C. |
| By: Kara Bailey P73071 | By: John Evanchek P66157 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 24300 Karim Blvd. | 43695 Michigan Ave. |
| Novi, MI 48375 | Canton, MI 48188 |
| 248-306-2000 | 734-397-4540 |

                                                                           /

### STIPULATED ORDER SETTING ASIDE JUDGMENT, RELEASING
### GARNISHMENTS AND DISMISSING THE CASE WITH PREJUDICE

At a session of said Court
held in Plymouth, State of Michigan,
this ⁄⁄ day of December, 2019.

PRESENT: <u>HON. RONALD W. LOWE</u>, District Court Judge

This Court, upon reading the stipulation of the parties, NOW THEREFORE, IT IS

ORDERED:

1.    The judgment, dated September 13, 2017, is set aside;

2.    All garnishments are released and the garnishee defendants are ordered to return

       all withheld funds to the Defendant;

3.    Plaintiff shall return all garnished funds to Defense Counsel;

4.    The summons is expired without service being effectuated;

5.    The case is dismissed for non-service; and

6.    This order resolves the last pending claim and closes the case.

_____

Brian C. Truba P61752
Attorney for Plaintiff

_____
John Evanchek P66157
Attorney for Defendant

# EXHIBIT E

Delta Air Lines, Inc.                                                                 365364
NAME:  MIDLAND FUNDING,LLC                                          CHECK DATE:   12/20/2019

A/P Vendor:                          File: WCK_15570197.TXT .. Record #: 465
EE Name: Healey, Tiana               WA Code: MI-GR
Case ID: 17C2420GC                   WA Desc: Garnishment
Check Number: 365364                 Period: 12/20/2019 to 12/20/2019 .. Due: 12/20/2019

Delta                                                                                 365364
P.O. Box 52179
Phoenix, AZ 85072-2179                           DATE        12/20/2019
                                                 AMOUNT            308.10
                                         #17C2420GC: Healey, Tiana (Delta Air Lines, Inc.)
PAY       Three Hundred Eight and 10/100 Dollars
TO THE     MIDLAND FUNDING,LLC
ORDER      24300 Karim Blvd
OF         Novi, MI 48375
                                                        ** COPY **

---

# Delta Air Lines, Inc.                                                               365364
NAME: MIDLAND FUNDING,LLC                                         CHECK DATE:  12/20/2019

A/P Vendor:                          File: WCK_15570197.TXT .. Record #: 465
EE Name: Healey, Tiana               WA Code: MI-GR
Case ID: 17C2420GC                   WA Desc: Garnishment
Check Number: 365364                 Period: 12/20/2019 to 12/20/2019 .. Due: 12/20/2019

THE FACE OF THIS CHECK IS PRINTED RED-THE BACK CONTAINS A SIMULATED WATERMARK

Delta                                                                                 365364
P.O. Box 52179
Phoenix, AZ 85072-2179                           DATE       12/20/2019
                                                 AMOUNT          308.10
                                         #17C2420GC: Healey, Tiana (Delta Air Lines, Inc.)
PAY     Three Hundred Eight and 10/100 Dollars

TO THE    MIDLAND FUNDING,LLC
ORDER     24300 Karim Blvd
OF        Novi, MI 48375         MCI702563  RTN
                                            (oA)

# EXHIBIT F

**Delta Air Lines, Inc.**
NAME:  MIDLAND FUNDING,LLC

366765
CHECK DATE:   01/05/2020

A/P Vendor:
EE Name: Healey, Tiana
Case ID: 17C2420GC
Check Number: 366765

File: WCK_15663009.TXT .. Record #: 461
WA Code: MI-GR
WA Desc: Garnishment
Period: 01/03/2020 to 01/03/2020 .. Due: 01/03/2020

---

**Delta**
P.O. Box 52179
Phoenix, AZ 85072-2179

366765

| DATE | 01/05/2020 |
| AMOUNT | 105.35 |

#17C2420GC: Healey, Tiana (Delta Air Lines, Inc.)

PAY      One Hundred Five and 35/100 Dollars

TO THE      MIDLAND FUNDING,LLC
ORDER      24300 Karim Blvd
OF      Novi, MI 48375

** COPY **

---

**Delta Air Lines, Inc.**

366765

NAME: MIDLAND FUNDING,LLC

CHECK DATE:  01/05/2020

A/P Vendor:
EE Name: Healey, Tiana
Case ID: 17C2420GC
Check Number: 366765

File: WCK_15663009.TXT .. Record #: 461
WA Code: MI-GR
WA Desc: Garnishment
Period: 01/03/2020 to 01/03/2020 .. Due: 01/03/2020

CL

---

THE FACE OF THIS CHECK IS PRINTED RED-THE BACK CONTAINS A SIMULATED WATERMARK

**Delta**
P.O. Box 52179
Phoenix, AZ 85072-2179

366765

| DATE | 01/05/2020 |
| AMOUNT | 105.35 |

#17C2420GC: Healey, Tiana (Delta Air Lines, Inc.)

MC1702563
RTN

PAY    One Hundred Five and 35/100 Dollars

TO THE      MIDLAND FUNDING,LLC
ORDER      24300 Karim Blvd
OF      Novi, MI 48375

## STATE OF MICHIGAN
## IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY

TIANA HEALEY (nee) TIANA PALMER,                    Case No. 20-014367-CZ
individually; and
TIANA HEALEY in a representative                    **Hon. Annette J. Berry**
capacity on behalf of
similarly situated persons,

                  Plaintiff,

       v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

             Defendants.
_____/

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANTS
## MIDLAND FUNDING LLC. AND MIDLAND CREDIT MANAGEMENT, INC

## DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the words "document" or "documents" is used in the broadest sense permissible, and shall include all writings, recordings and photographs as defined by Rule 1001 of the Michigan Rules of Evidence and all written, printed, typed, or graphic matter of any kind or nature, as defined in as defined in MCR 2.310 of the Michigan Court Rules and includes but is not limited to by way of illustration only and not by way of limitation, all original written, recorded or graphic material whatsoever and all copies thereof including but not limited to papers, books, records, letter, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, voice messages, computer electronic mail (e-mails), text messages, Instant Messages, .PDF files, .jpeg files, .MP3 files, .wav files, .dat files, .rtf files, .doc files, .txt files, Word files, Word Perfect files, Corel files, Excel files, or any other computer software, or any computer software used to write, record, or capture any writing, picture, voice, video, image or other electronic data, memorandum, notations, notes, work papers, transcripts, post-it notes, scrap paper, drafts (whether used or not), minutes, reports and recordings of telephone conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, slides, movies, DVDs, CD-ROMs, external storage devices, mainframes, hard drives, evaluations, contracts, agreements, agendas, newsletters, notices, announcements, advertisements, instructions, claims, manuals, brochures, books, publications, pamphlets, flyers, cards, magnetic tape, journals, statistical abstracts, desk calendars, appointment books, wall calendars, diaries, lists, computer print outs, data processing input and output, spreadsheets, books of account, mircrofilm, all versions of the drafts related to the foregoing documents, all pleadings and other papers filed with any state or federal court or administrative agency, and all things similar to any of the foregoing, however documented, now in the possession, custody or control of Defendant; or in the possession, custody or control of any agent, representative or any and all persons acting on Defendant's behalf, including documents at anytime in the

possession, custody or control of such individuals or entities, or known by Defendant to exist. This definition expressly includes all electronically stored information, or "ESI".

      B.     If any document requested was, but no longer is in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost destroyed, transferred to a third party; and (c) an explanation of the circumstances surrounding the disposition of the document.

      C.     If you do not have all of the information that you need to make a complete response to any Interrogatory, state that your information is incomplete, provide all of the information that your have, and answer the Interrogatory to the extent possible. If you have no information at all, so state, and include an explanation as to the (a) the nature of the information or knowledge that cannot be furnished; and (b) why the remainder cannot be answered.

      D.     "Identify" or "identity" or "identifications," when used with respect to a person, means to state the name, last known business and home address, telephone number, and if a corporation or other entity, the principal place of business of the person.

      E.     "Identify" or "identity" or "identifications," when used with respect to a document, means to state the general nature of the document (e.g., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy, cc:, bcc:, or otherwise know to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

      F.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or

whether in person, by telephone, voice message, mail, personal delivery, fax, e-mail, instant messenger, file sharing, messenger service, WebEx of any other remote access web or software program or otherwise.

G.      "Identify" or "identification," when used with respect to a communication means to state the date of the communication; the type of the communication (e.g. telephone conversation, e-mail, in person meeting, etc.); the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person when it was made; and the subject matter discussed.

H.      References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

I.      "Person" or "individual" includes any natural person, individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, broad, authority, commission, trust, receiver, syndicate or any other group or combination acting as a unit, or acting as a form of legal entity.

J.      "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

K.      The terms defined in 15 U.S.C. § 1692a shall have the same meaning when used herein.

L.      All other words shall be defined by their common meaning. If you are unable to determine the word's common meaning, please refer to Merriam-Webster Online. *Available at http://www.m-w.com/* and to Black's Law Dictionary (6th Ed.)

M.      The singular shall always include the plural, the plural shall always include the singular, the past tense shall always include the present tense, and the present tense shall always include the past tense.

4

N.     If you are declining to respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis for the privilege claimed.

O.     If any paragraph of this request is believed by the responding party or the responding party's counsel to ambiguous or unduly burdensome, the responding party's counsel is requested to immediately contact Plaintiff's counsel and an effort will be made to remedy the issue.

P.     All class lists, if requested, are to be produced in an Excel spreadsheet.

Q.     If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

R.     Any documents designated by the responding party as confidential prior to the entry of a protective order shall remain confidential until the entry or denial of the protective order.  The confidentiality designation made prior to the entry of a protective order may be challenged as provided for in the protective order.

S.     All documents shall be produced in their native format. "Native format" is the default format of a file, or the form in which it was created on a particular software program. For example, documents created in Microsoft Word will be generated in the default native format ".doc". Likewise, a file created in Microsoft Excel will be in ".xls" format. Metadata has been described as "information describing the history, tracking, or management of an electronic document." *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005). Metadata typically includes information such as the author of the document, the date the document was created and last modified, additions and deleted items

in the document, and file permissions (e.g. who can read the data, who can write to it, who can run it). *Autotech Technologies Ltd. Partnership v. Automation Direct. com, Inc.*, 248 F.R.D. 556, 559 (N.D. Ill. 2008). An electronic document in native format will generally contain the metadata for that document. *Lorraine v. Market American Insurance. Co.*, 241 F.R.D. 534, 547 (D. Md. 2007). *Chapman v. General Bd. of Pension & Health Benefits of the United Methodist Church, Inc.*, 09 C 3474, 2010 U.S. Dist. LEXIS 66618 * 4 n.1 (N.D. Ill. July 6, 2010) (Cole, M.J.).

      T.    All documents if not produced in paper form shall be produced in .pdf format.

      U.    All documents shall be BATES stamped and BATES numbers are to be provided within in each Document Response to indicate which documents are responsive to each request.

      V.    All responses to Plaintiff's Document requests shall include the corresponding BATES numbers that are responsive to that numbered paragraph's request.

      W.    If a Midland is relying on documents to answer an Interrogatory, because the burden of deriving or ascertaining the answer will be substantially the same for either party the response shall also include the corresponding BATES numbers that are responsive to that numbered paragraph's Interrogatory.

      X.    "Midland" shall refer to Defendants Midland Funding, LLC and Midland Credit Management Inc.

      Y.    "Elliott" shall refer to Defendant Mary Jane M. Elliott.

      Z.    "Plaintiff" means the person whom Midland Funding, LLC sued in the case captioned Midland Funding LLC as Successor in Interest of Barclays Bank Delaware vs. Tiana Palmer, filed in the 35th District Court, State of Michigan, and assigned Case No. 17C240GC.

## INTERROGATORIES

**PLEASE ANSWER THE FOLLOWING:**

      1.     For each of Midland's defenses, including but not limited to affirmative defenses, that have been asserted or which are intended to be asserted in this lawsuit, identify all individuals with knowledge of the facts relevant to each and every defense, state the name and, if known, the business or home address and telephone number of each individual, state the date that person became aware of the facts relevant to each defense, and identify all documents that factually support each of the defenses.

**ANSWER:**

      **2.**     Please identify and state the legal theories upon which Midland's defenses are based upon, including the factual basis that supports each defense and providing citations to relevant legal authorities upon which the defense relies or intends to rely upon.

**ANSWER:**

      **3.**     For each individual likely to have discoverable information that may be used or will be used by Midland in their defense, and including all individuals disclosed in Midland's witness list, please identify and state the name and, if known, the business or home address and telephone number of each individual along with identifying the specific information that the individual possesses.

**ANSWER:**

      **4.**     Identify all documents, ESI, and tangible things that Midland has in its possession, custody, or control and may use to support its defenses, including all defenses labeled as affirmative defenses.

**ANSWER:**

7

5.      Please provide a description by category and state the location of all documents, ESI, and tangible things that are not in Midland's possession, custody, or control that Midland may use to support its defenses and state the name and, if known, the business or home address and telephone number of each person who has possession, custody, or control of the documents, ESI, and tangible things.

**ANSWER:**

6.      For a time period from October 30, 2020 to October 30, 2014, please state the number of lawsuits in the State of Michigan, that were filed in the name of Midland Funding LLC, in which the state court complaint was based on a credit card originating with Barclays Bank Delaware, in which the state court lawsuit was filed after six-years from the date of last payment or purchase on the account, and identify the name of the state court defendant and their last known address.

**ANSWER:**

7.      For each search done by Midland or on Midland's behalf in searching for the information requested in Interrogatory No. 6, above, please identify all searches done by any Midland to ascertain the answer(s), including identifying the name, address and telephone number of every person who conducted the search, whether the search was done manually or electronically, and identify the process and methods, including identifying the terms or codes used to conduct the search.

**ANSWER:**

8.      Please identify all documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's name, telephone number or any other number, datum, symbol, designation or code (such as an account number or Social

8

Security number) assigned to Plaintiff's name or telephone number, and state the date Midland came into possession of each document.

**ANSWER:**

     **9.**     Please identify by court and case number all federal and state court lawsuits, FTC actions, and CFBP actions, received by Midland after October 30, 2015, in which a person or entity alleged that Midland Funding LLC or Midland Credit Management, Inc. was attempting to collect a debt that was barred by the statute of limitations.

**ANSWER:**

     **10.**     For each code and abbreviation that appears in Midland's account notes, electronic records, and/or files regarding Plaintiff, the account, file or debt, that Midland Funding LLC sued Plaintiff on, please identify each code and abbreviation and state the corresponding full word or meaning of that code or abbreviation.

**ANSWER:**

     **11.**     For the time period from January 1, 2018, to December 31, 2019, please identify each business activity that Midland Funding LLC engaged, state the dollar amount of revenue from each of those business activities, and state the source of the revenue.

**ANSWER:**

     **12.**     For the time period from January 1, 2018, to December 31, 2019, please identify the source of the revenue of Defendant, and the amount of revenue in dollars from each source.

**ANSWER:**

     **13.**     For a time period from October 30, 2020 to October 30, 2014, please state the number of persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding LLC as the state court plaintiff, (c) in which the state court complaint contained an "account stated" claim and an affidavit signed by an employee of Midland Credit

Management Inc. or an officer for Midland Funding LLC, (d) in which the underlying debt is a credit card account, and identify the name of the state court defendant and their last known address.

**ANSWER:**

14.    Regardless of time, please identify all communications between Midland including Midland employees, owners, attorneys, and Barclays Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway including the debt or account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court, and state the date of the communication, identify each person involved in the communication, including their name, address and phone number, identify the entire text of the communication, or if the communication was oral provide a summary of or any notes reflecting or relating to the oral communication, and identify each and every document that was attached to or was enclosed or accompanied the communication, including any drafts of affidavits or declarations.

**ANSWER:**

15.    Excluding Midland's and Elliot's legal counsel, identify each person who prepared or assisted in the preparation of the response to each of these Interrogatories and identify each Interrogatory to which that person provided factual information that served as the basis for Midland's response.

**ANSWER:**

16.    Please state all facts that support any affirmative defense raised that Midland's conduct was not intentional but was the result of a bona fide error notwithstanding Midland's maintenance of procedures reasonably adopted to avoid such error(s), and identity the procedures reasonably adopted to avoid such error(s), the date such procedures reasonably adopted to avoid such error(s), identify all persons who involved in the attempted collection of the debt or account

at issue were provided the procedures reasonably adopted to avoid such error(s), and state the date the person was provided the procedures reasonably adopted to avoid such error(s).

**ANSWER:**

      **17.**    Please identify all documents and account records that Midland had in their possession, custody or control regarding Plaintiff, as of March 20, 2017 that refer to or relate to Plaintiff.

**ANSWER:**

      **18.**    Regardless of time, please identify all communications, including documents exchanged between Plaintiff, and Barclays Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway including the debt or account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court.

**ANSWER:**

      **19.**    Describe the process by which Midland decided for Midland Funding LLC to file suit against Plaintiff in the State of Michigan, identify the documents Midland replied upon in making that decision to file suit against Plaintiff in the State of Michigan, and state the name and business address of the person who made the decision for Midland Funding LLC to file suit against Plaintiff in the State of Michigan.

**ANSWER:**

      **20.**    Please state the last date of payment and the amount paid on the account Plaintiff was sued on in state court, and when did Midland first know of the date?

**ANSWER:**

## DOCUMENT PRODUCTION REQUESTS

**PLEASE PRODUCE THE FOLLOWING DOCUMENTS**:

**REQUEST NO. 1**. All documents, ESI, and tangible things that relate, refer to, or are the basis for each and every one of Midland's defenses, including all defenses labeled as affirmative defenses that have been asserted or which are intended to be asserted in this lawsuit.

**RESPONSE:**

**REQUEST NO. 2.**   Regardless of time, all communications, documents and ESI exchanged between Midland, (including Midland's employees, owners, attorneys, and agents), and Barclays Bank Delaware, (including Barclays Bank Delaware's employees, owners, attorneys, and agents), that relate to or refer to Plaintiff in anyway including but not limited to the debt or account Barclays Bank Delaware sued Plaintiff upon in state court.

**RESPONSE:**

**REQUEST NO. 3.**   All documents, including the complete purchase agreement, that refers to or relates to Midland Funding LLC purchasing any portfolio of accounts from Barclays Bank Delaware that included the account that Midland Funding LLC sued Plaintiff upon.

**RESPONSE:**

**REQUEST NO. 4.**   All documents that demonstrate any transfer of rights from Barclays Bank Delaware to Midland Funding LLC that relates to the account Plaintiff was sued on by Midland Funding LLC.

**RESPONSE:**

**REQUEST NO. 5**. Regardless of time, all documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's name, telephone number or any other number, datum, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff's name or telephone number.

**RESPONSE:**

**REQUEST NO. 6**. All documents that Midland relied upon in answering Plaintiff's Complaint in this lawsuit.

**RESPONSE:**

**REQUEST NO. 7.** Midland Funding LLC's federal tax returns and State of Michigan tax returns for the time period from January 1, 2018, to December 31, 2019.

**RESPONSE:**

**REQUEST NO. 8.** Midland Funding LLC's financial books showing its income or sources of revenue for the time period from January 1, 2018, to December 31, 2019.

**RESPONSE:**

**REQUEST NO. 9.** Midland Funding LLC's complete financial statements for the time period from January 1, 2018, to December 31, 2019, including but not limited to its new worth.

**RESPONSE:**

**REQUEST NO. 10.** Midland Funding LLC's last audited complete financial statements, including but not limited to any document that shows Midland Funding LLC's new worth.

**RESPONSE:**

**REQUEST NO. 11.** Midland Credit Management, Inc.'s last audited complete financial statements, including but not limited to any document that shows Midland Credit Management, Inc's new worth.

**RESPONSE:**

**REQUEST NO. 12.** Regardless of time, all documents and communications between Midland including Midland employees, owners, attorneys, and Barclays Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway, including the debt or account originating with Barclays Bank Delaware that Plaintiff was

sued upon in state court, including but not limited to, any drafts of affidavits, affidavits, drafts of declarations, declarations, emails related to or involving the drafting of any declaration or affidavit prepared for use in this lawsuit, and statements and terms and conditions regarding to or related to the account Plaintiff was sued upon

**RESPONSE:**

    **REQUEST NO. 13.**   Regardless of time, all documents and communications between Barclays Bank Delaware and Plaintiff that refers to or relates to the account that Plaintiff was sued on by Midland Funding, LLC.

    **RESPONSE:**

    **REQUEST NO. 14.**  From October 30, 2020 to October 30, 2015, all deposition transcripts of Midland, its any of its owner, shareholders, employees and attorneys, in every lawsuit filed against Midland, brought under the Fair Debt Collection Practices Act, in which the allegations against Midland Funding LLC included an allegation that Midland Funding LLC had filed or caused to be filed a state court lawsuit on an alleged time-barred debt.

    **RESPONSE:**

    **REQUEST NO. 15.**   All documents relied upon by Midland in answering Plaintiff's Interrogatories above.

    **RESPONSE:**

    **REQUEST NO. 16.**   All documents Midland intends to use an exhibit at trial.

    **RESPONSE:**

    **REQUEST NO. 17.**   All documents and account records that Midland had in their possession, custody or control regarding Plaintiff, as of March 20, 2017 that refer to or relate to Plaintiff.

**RESPONSE:**

**REQUEST NO. 18.**  All subpoenas issued by Midland that relates to or refers to this lawsuit, and all documents obtained by Midland from the issuance of any subpoena in this lawsuit.

**RESPONSE:**

**REQUEST NO. 19.**  All documents that Midland replied upon in making the decision to file suit against Plaintiff in the State of Michigan.

**RESPONSE:**

**REQUEST NO. 20.**  All communications with Delta Air Lines, Inc., that refer to or relate to Tiana Healey (nee) Tiana Palmer.

**RESPONSE:**

**REQUEST NO. 21.**  All communications with Mary Jane M. Elliott, P.C., that refer to or relate to Tiana Healey (nee) Tiana Palmer.

**RESPONSE:**

Date: November 12, 2020

Submitted,

Curtis C Warner

Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St., Suite 250
Suite 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal
*Counsel for Plaintiff*

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, state that these discovery requests will be served upon Midland
Funding, LLC's and Midland Credit Management, Inc.'s registered agent contemporaneously with
the Summons and Complaint and in the same manner.

Date: November 12, 2020

Submitted,

Curtis C Warner

Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St., Suite 250
Suite 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal
*Counsel for Plaintiff*

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

### STATE OF MICHIGAN
### IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY

TIANA HEALEY (nee) TIANA PALMER,                  Case No. 20-014367-CZ
individually; and
TIANA HEALEY in a representative                  **Hon. Annette J. Berry**
capacity on behalf of
similarly situated persons,

            Plaintiff,

     v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

          Defendants.
_____/

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/


### PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANTS
### MIDLAND FUNDING LLC. AND MIDLAND CREDIT MANAGEMENT, INC

## DEFINITIONS AND INSTRUCTIONS

A.     As used herein, the words "document" or "documents" is used in the broadest sense permissible, and shall include all writings, recordings and photographs as defined by Rule 1001 of the Michigan Rules of Evidence and all written, printed, typed, or graphic matter of any kind or nature, as defined in as defined in MCR 2.310 of the Michigan Court Rules and includes but is not limited to by way of illustration only and not by way of limitation, all original written, recorded or graphic material whatsoever and all copies thereof including but not limited to papers, books, records, letter, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, voice messages, computer electronic mail (e-mails), text messages, Instant Messages, .PDF files, .jpeg files, .MP3 files, .wav files, .dat files, .rtf files, .doc files, .txt files, Word files, Word Perfect files, Corel files, Excel files, or any other computer software, or any computer software used to write, record, or capture any writing, picture, voice, video, image or other electronic data, memorandum, notations, notes, work papers, transcripts, post-it notes, scrap paper, drafts (whether used or not), minutes, reports and recordings of telephone conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, slides, movies, DVDs, CD-ROMs, external storage devices, mainframes, hard drives, evaluations, contracts, agreements, agendas, newsletters, notices, announcements, advertisements, instructions, claims, manuals, brochures, books, publications, pamphlets, flyers, cards, magnetic tape, journals, statistical abstracts, desk calendars, appointment books, wall calendars, diaries, lists, computer print outs, data processing input and output, spreadsheets, books of account, mircrofilm, all versions of the drafts related to the foregoing documents, all pleadings and other papers filed with any state or federal court or administrative agency, and all things similar to any of the foregoing, however documented, now in the possession, custody or control of Defendant; or in the possession, custody or control of any agent, representative or any and all persons acting on Defendant's behalf, including documents at anytime in the

possession, custody or control of such individuals or entities, or known by Defendant to exist.  This definition expressly includes all electronically stored information, or "ESI".

B.      If any document requested was, but no longer is in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost destroyed, transferred to a third party; and (c) an explanation of the circumstances surrounding the disposition of the document.

C.      If you do not have all of the information that you need to make a complete response to any Interrogatory, state that your information is incomplete, provide all of the information that your have, and answer the Interrogatory to the extent possible.  If you have no information at all, so state, and include an explanation as to the (a) the nature of the information or knowledge that cannot be furnished; and (b) why the remainder cannot be answered.

D.      "Identify" or "identity" or "identifications," when used with respect to a person, means to state the name, last known business and home address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.      "Identify" or "identity" or "identifications," when used with respect to a document, means to state the general nature of the document (e.g., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy, cc:, bcc:, or otherwise know to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or

whether in person, by telephone, voice message, mail, personal delivery, fax, e-mail, instant messenger, file sharing, messenger service, WebEx of any other remote access web or software program or otherwise.

G.     "Identify" or "identification," when used with respect to a communication means to state the date of the communication; the type of the communication (e.g. telephone conversation, e-mail, in person meeting, etc.); the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person when it was made; and the subject matter discussed.

H.     References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

I.     "Person" or "individual" includes any natural person, individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, broad, authority, commission, trust, receiver, syndicate or any other group or combination acting as a unit, or acting as a form of legal entity.

J.     "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

K.     The terms defined in 15 U.S.C. § 1692a shall have the same meaning when used herein.

L.     All other words shall be defined by their common meaning. If you are unable to determine the word's common meaning, please refer to Merriam-Webster Online. *Available at http://www.m-w.com/* and to Black's Law Dictionary (6th Ed.)

M.     The singular shall always include the plural, the plural shall always include the singular, the past tense shall always include the present tense, and the present tense shall always include the past tense.

N.     If you are declining to respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis for the privilege claimed.

O.     If any paragraph of this request is believed by the responding party or the responding party's counsel to ambiguous or unduly burdensome, the responding party's counsel is requested to immediately contact Plaintiff's counsel and an effort will be made to remedy the issue.

P.     All class lists, if requested, are to be produced in an Excel spreadsheet.

Q.     If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

R.     Any documents designated by the responding party as confidential prior to the entry of a protective order shall remain confidential until the entry or denial of the protective order. The confidentiality designation made prior to the entry of a protective order may be challenged as provided for in the protective order.

S.     All documents shall be produced in their native format. "Native format" is the default format of a file, or the form in which it was created on a particular software program. For example, documents created in Microsoft Word will be generated in the default native format ".doc". Likewise, a file created in Microsoft Excel will be in ".xls" format. Metadata has been described as "information describing the history, tracking, or management of an electronic document." *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005). Metadata typically includes information such as the author of the document, the date the document was created and last modified, additions and deleted items

in the document, and file permissions (e.g. who can read the data, who can write to it, who can run it). *Autotech Technologies Ltd. Partnership v. Automation Direct. com, Inc.*, 248 F.R.D. 556, 559 (N.D. Ill. 2008). An electronic document in native format will generally contain the metadata for that document. *Lorraine v. Market American Insurance. Co.*, 241 F.R.D. 534, 547 (D. Md. 2007). *Chapman v. General Bd. of Pension & Health Benefits of the United Methodist Church, Inc.*, 09 C 3474, 2010 U.S. Dist. LEXIS 66618 * 4 n.1 (N.D. Ill. July 6, 2010) (Cole, M.J.).

      T.     All documents if not produced in paper form shall be produced in .pdf format.

      U.     All documents shall be BATES stamped and BATES numbers are to be provided within in each Document Response to indicate which documents are responsive to each request.

      V.     All responses to Plaintiff's Document requests shall include the corresponding BATES numbers that are responsive to that numbered paragraph's request.

      W.     If a Midland is relying on documents to answer an Interrogatory, because the burden of deriving or ascertaining the answer will be substantially the same for either party the response shall also include the corresponding BATES numbers that are responsive to that numbered paragraph's Interrogatory.

      X.     "Midland" shall refer to Defendants Midland Funding, LLC and Midland Credit Management Inc.

      Y.     "Elliott" shall refer to Defendant Mary Jane M. Elliott.

      Z.     "Plaintiff" means the person whom Midland Funding, LLC sued in the case captioned Midland Funding LLC as Successor in Interest of Barclays Bank Delaware vs. Tiana Palmer, filed in the 35th District Court, State of Michigan, and assigned Case No. 17C240GC.

## INTERROGATORIES

**PLEASE ANSWER THE FOLLOWING:**

1.      For each of Midland's defenses, including but not limited to affirmative defenses, that have been asserted or which are intended to be asserted in this lawsuit, identify all individuals with knowledge of the facts relevant to each and every defense, state the name and, if known, the business or home address and telephone number of each individual, state the date that person became aware of the facts relevant to each defense, and identify all documents that factually support each of the defenses.

**ANSWER:**

2.      Please identify and state the legal theories upon which Midland's defenses are based upon, including the factual basis that supports each defense and providing citations to relevant legal authorities upon which the defense relies or intends to rely upon.

**ANSWER:**

3.      For each individual likely to have discoverable information that may be used or will be used by Midland in their defense, and including all individuals disclosed in Midland's witness list, please identify and state the name and, if known, the business or home address and telephone number of each individual along with identifying the specific information that the individual possesses.

**ANSWER:**

4.      Identify all documents, ESI, and tangible things that Midland has in its possession, custody, or control and may use to support its defenses, including all defenses labeled as affirmative defenses.

**ANSWER:**

7

5.     Please provide a description by category and state the location of all documents, ESI, and tangible things that are not in Midland's possession, custody, or control that Midland may use to support its defenses and state the name and, if known, the business or home address and telephone number of each person who has possession, custody, or control of the documents, ESI, and tangible things.

**ANSWER:**

6.     For a time period from October 30, 2020 to October 30, 2014, please state the number of lawsuits in the State of Michigan, that were filed in the name of Midland Funding LLC, in which the state court complaint was based on a credit card originating with Barclays Bank Delaware, in which the state court lawsuit was filed after six-years from the date of last payment or purchase on the account, and identify the name of the state court defendant and their last known address.

**ANSWER:**

7.     For each search done by Midland or on Midland's behalf in searching for the information requested in Interrogatory No. 6, above, please identify all searches done by any Midland to ascertain the answer(s), including identifying the name, address and telephone number of every person who conducted the search, whether the search was done manually or electronically, and identify the process and methods, including identifying the terms or codes used to conduct the search.

**ANSWER:**

8.     Please identify all documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's name, telephone number or any other number, datum, symbol, designation or code (such as an account number or Social

Security number) assigned to Plaintiff's name or telephone number, and state the date Midland came into possession of each document.

**ANSWER:**

    **9.**      Please identify by court and case number all federal and state court lawsuits, FTC actions, and CFBP actions, received by Midland after October 30, 2015, in which a person or entity alleged that Midland Funding LLC or Midland Credit Management, Inc. was attempting to collect a debt that was barred by the statute of limitations.

**ANSWER:**

    **10.**    For each code and abbreviation that appears in Midland's account notes, electronic records, and/or files regarding Plaintiff, the account, file or debt, that Midland Funding LLC sued Plaintiff on, please identify each code and abbreviation and state the corresponding full word or meaning of that code or abbreviation.

**ANSWER:**

    **11.**    For the time period from January 1, 2018, to December 31, 2019, please identify each business activity that Midland Funding LLC engaged, state the dollar amount of revenue from each of those business activities, and state the source of the revenue.

**ANSWER:**

    **12.**    For the time period from January 1, 2018, to December 31, 2019, please identify the source of the revenue of Defendant, and the amount of revenue in dollars from each source.

**ANSWER:**

    **13.**    For a time period from October 30, 2020 to October 30, 2014, please state the number of persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding LLC as the state court plaintiff, (c) in which the state court complaint contained an "account stated" claim and an affidavit signed by an employee of Midland Credit

Management Inc. or an officer for Midland Funding LLC, (d) in which the underlying debt is a credit card account, and identify the name of the state court defendant and their last known address.

**ANSWER:**

14.     Regardless of time, please identify all communications between Midland including Midland employees, owners, attorneys, and Barclays Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway including the debt or account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court, and state the date of the communication, identify each person involved in the communication, including their name, address and phone number, identify the entire text of the communication, or if the communication was oral provide a summary of or any notes reflecting or relating to the oral communication, and identify each and every document that was attached to or was enclosed or accompanied the communication, including any drafts of affidavits or declarations.

**ANSWER:**

15.     Excluding Midland's and Elliot's legal counsel, identify each person who prepared or assisted in the preparation of the response to each of these Interrogatories and identify each Interrogatory to which that person provided factual information that served as the basis for Midland's response.

**ANSWER:**

16.     Please state all facts that support any affirmative defense raised that Midland's conduct was not intentional but was the result of a bona fide error notwithstanding Midland's maintenance of procedures reasonably adopted to avoid such error(s), and identity the procedures reasonably adopted to avoid such error(s), the date such procedures reasonably adopted to avoid such error(s), identify all persons who involved in the attempted collection of the debt or account

at issue were provided the procedures reasonably adopted to avoid such error(s), and state the date

the person was provided the procedures reasonably adopted to avoid such error(s).

**ANSWER:**

     **17.**   Please identify all documents and account records that Midland had in their

possession, custody or control regarding Plaintiff, as of March 20, 2017 that refer to or relate to

Plaintiff.

**ANSWER:**

     **18.**   Regardless of time, please identify all communications, including documents

exchanged between Plaintiff, and Barclays Bank Delaware, including Barclays Bank Delaware's

employees, owners, attorneys, that relate to or refer to Plaintiff in anyway including the debt or

account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court.

**ANSWER:**

     **19.**   Describe the process by which Midland decided for Midland Funding LLC to file

suit against Plaintiff in the State of Michigan, identify the documents Midland replied upon in

making that decision to file suit against Plaintiff in the State of Michigan, and state the name and

business address of the person who made the decision for Midland Funding LLC to file suit against

Plaintiff in the State of Michigan.

**ANSWER:**

     **20.**   Please state the last date of payment and the amount paid on the account Plaintiff

was sued on in state court, and when did Midland first know of the date?

**ANSWER:**

## DOCUMENT PRODUCTION REQUESTS

**PLEASE PRODUCE THE FOLLOWING DOCUMENTS**:

**REQUEST NO. 1**. All documents, ESI, and tangible things that relate, refer to, or are the basis for each and every one of Midland's defenses, including all defenses labeled as affirmative defenses that have been asserted or which are intended to be asserted in this lawsuit.

**RESPONSE:**

**REQUEST NO. 2.**   Regardless of time, all communications, documents and ESI exchanged between Midland, (including Midland's employees, owners, attorneys, and agents), and Barclays Bank Delaware, (including Barclays Bank Delaware's employees, owners, attorneys, and agents), that relate to or refer to Plaintiff in anyway including but not limited to the debt or account Barclays Bank Delaware sued Plaintiff upon in state court.

**RESPONSE:**

**REQUEST NO. 3.**   All documents, including the complete purchase agreement, that refers to or relates to Midland Funding LLC purchasing any portfolio of accounts from Barclays Bank Delaware that included the account that Midland Funding LLC sued Plaintiff upon.

**RESPONSE:**

**REQUEST NO. 4.**   All documents that demonstrate any transfer of rights from Barclays Bank Delaware to Midland Funding LLC that relates to the account Plaintiff was sued on by Midland Funding LLC.

**RESPONSE:**

**REQUEST NO. 5**. Regardless of time, all documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's name, telephone number or any other number, datum, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff's name or telephone number.

**RESPONSE:**

**REQUEST NO. 6**. All documents that Midland relied upon in answering Plaintiff's Complaint in this lawsuit.

**RESPONSE:**

**REQUEST NO. 7.**    Midland Funding LLC's federal tax returns and State of Michigan tax returns for the time period from January 1, 2018, to December 31, 2019.

**RESPONSE:**

**REQUEST NO. 8.**    Midland Funding LLC's financial books showing its income or sources of revenue for the time period from January 1, 2018, to December 31, 2019.

**RESPONSE:**

**REQUEST NO. 9.**    Midland Funding LLC's complete financial statements for the time period from January 1, 2018, to December 31, 2019, including but not limited to its new worth.

**RESPONSE:**

**REQUEST NO. 10.**   Midland Funding LLC's last audited complete financial statements, including but not limited to any document that shows Midland Funding LLC's new worth.

**RESPONSE:**
**REQUEST NO. 11.**   Midland Credit Management, Inc.'s last audited complete financial statements, including but not limited to any document that shows Midland Credit Management, Inc's new worth.

**RESPONSE:**

**REQUEST NO. 12.**   Regardless of time, all documents and communications between Midland including Midland employees, owners, attorneys, and Barclays Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway, including the debt or account originating with Barclays Bank Delaware that Plaintiff was

sued upon in state court, including but not limited to, any drafts of affidavits, affidavits, drafts of declarations, declarations, emails related to or involving the drafting of any declaration or affidavit prepared for use in this lawsuit, and statements and terms and conditions regarding to or related to the account Plaintiff was sued upon

**RESPONSE:**

      **REQUEST NO. 13.**  Regardless of time, all documents and communications between Barclays Bank Delaware and Plaintiff that refers to or relates to the account that Plaintiff was sued on by Midland Funding, LLC.

      **RESPONSE:**

      **REQUEST NO. 14.**  From October 30, 2020 to October 30, 2015, all deposition transcripts of Midland, its any of its owner, shareholders, employees and attorneys, in every lawsuit filed against Midland, brought under the Fair Debt Collection Practices Act, in which the allegations against Midland Funding LLC included an allegation that Midland Funding LLC had filed or caused to be filed a state court lawsuit on an alleged time-barred debt.

      **RESPONSE:**

      **REQUEST NO. 15.**  All documents relied upon by Midland in answering Plaintiff's Interrogatories above.

      **RESPONSE:**

      **REQUEST NO. 16.**  All documents Midland intends to use an exhibit at trial.

      **RESPONSE:**

      **REQUEST NO. 17.**  All documents and account records that Midland had in their possession, custody or control regarding Plaintiff, as of March 20, 2017 that refer to or relate to Plaintiff.

**RESPONSE:**

**REQUEST NO. 18.**  All subpoenas issued by Midland that relates to or refers to this lawsuit, and all documents obtained by Midland from the issuance of any subpoena in this lawsuit.

**RESPONSE:**

**REQUEST NO. 19.**  All documents that Midland replied upon in making the decision to file suit against Plaintiff in the State of Michigan.

**RESPONSE:**

**REQUEST NO. 20.**  All communications with Delta Air Lines, Inc., that refer to or relate to Tiana Healey (nee) Tiana Palmer.

**RESPONSE:**

**REQUEST NO. 21.**  All communications with Mary Jane M. Elliott, P.C., that refer to or relate to Tiana Healey (nee) Tiana Palmer.

**RESPONSE:**


Date: November 12, 2020                    Submitted,

                                           *Curtis C. Warner*
                                           Curtis C. Warner

Curtis C. Warner (P59915)                       John A. Evanchek (P66157)
5 E. Market St., Suite 250                      KELLEY & EVANCHEK, P.C.
Suite 250                                       43695 Michigan Ave.
Corning, NY 14830                               Canton, MI 48188-2516
Tel: (888) 551-8685                             Tel: (734) 397-4540
cwarner@warner.legal                            john@kelawpc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, state that these discovery requests will be served upon Midland

Funding, LLC's and Midland Credit Management, Inc.'s registered agent contemporaneously with

the Summons and Complaint and in the same manner.

Date: November 12, 2020

Submitted,

*Curtis C Warner*

Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St., Suite 250
Suite 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal
*Counsel for Plaintiff*

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

**STATE OF MICHIGAN**
**IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY**

| | |
|---|---|
| TIANA HEALEY (nee) TIANA PALMER, individually; and TIANA HEALEY in a representative capacity on behalf of similarly situated persons, | Case No. 20-014367-CZ<br><br>**Hon. Annette J. Berry** |

                Plaintiff,

      v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

              Defendants.
_____/

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/

## PLAINTIFF'S REQUIRED INITIAL DISCLOSURES UNDER MCR 2.302(A)

    NOW COMES Plaintiffs, TIANA HEALEY (NEE) TIANA PALMER, individually and

TIANA HEALEY (NEE) TIANA PALMER in a representative capacity on behalf of similarly

situated persons, and pursuant to MCR 2.302(A) makes her initial disclosures as follows:

Delta would have knowledge of being Ms. Healey(nee) Palmer's employment with it, the garnishment communications with Elliott and the issuance of garnishment checks in the name of Midland Funding LLC.  Delta would also have knowledge of the loss of pay of Ms. Healey(nee) Palmer related to her scheduling time off.

Barclays Bank Delaware
100 West St.
Wilmington, DE 19801
(302) 255-8000
(877) 523-0478 (Card Services)
It is believed that Barclays Bank Delaware has knowledge of the transactions regarding the underlying debt at issue in MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST OF BARCLAYS BANK DELAWARE vs. TIANA PALMER.

Kelley & Evanchek, P.C.
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540
Without waiving any communications that are covered by the attorney-client privilege, Kelley & Evanchek, P.C. has knowledge of a payment for $500 for its services in MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST OF BARCLAYS BANK DELAWARE vs. TIANA PALMER.

**(d) a copy—or a description by category and location—of all documents, ESI, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Plaintiff has attached these documents to her Complaint and attached these documents to her November 6, 2019, motion to set aside the default judgment.  Defendants are believed to in possession, custody or control of the garnishment documents.  Attached is a copy of Kelley & Evanchek's electronic records showing payment of $500.

**(e) a description by category and location of all documents, ESI, and tangible things that are not in the disclosing party's possession, custody, or control that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. The description must include the name and, if known, the address and telephone number of the person who has possession, custody, or control of the material;**

Defendants are believed have to documents related to their collection records regarding Plaintiff and the Putative Class Members.

Various Courts in the State of Michigan are believed to have documents related to the Putative Class Members.

10

Barclays Bank Delaware is believed to have documents regarding the transactions that created the debt that was subject of the state court case MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST OF BARCLAYS BANK DELAWARE vs. TIANA PALMER.

**(f) a computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under MCR 2.310 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;**

Approximately $250 in damages related to having to attend the October 30, 2019 court hearing and approximately $500 in lost wages, $500 in legal fees, treble actual damages, statutory damages up to $1,000 under the FDCPA and $1,000 under the Rosenthal Act. Plaintiff also seeks declaratory injunctive relief, attorney's fees and costs.

**(g) a copy (or an opportunity to inspect a copy) of pertinent portions of any insurance, indemnity, security equivalent, or suretyship agreement under which another person may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, including self-insured retention and limitations on coverage, indemnity, or reimbursement for amounts available to satisfy a judgment;**

None.

**(h) the anticipated subject areas of expert testimony.**

None.

Date: **November 12, 2020**                    Respectfully submitted,

                                               *Curtis C. Warner*
                                               _____

John A. Evanchek (P66157)                      Curtis C. Warner (P59915)
KELLEY & EVANCHEK, P.C.                         5 E. Market St.
43695 Michigan Ave.                            Suit 250
Canton, MI 48188-2516                          Corning, NY 14830
Tel: (734) 397-4540                            Tel: (888) 551-8685
john@kelawpc.com                               cwarner@warner.legal

10/20/2020                     13410-Healey.Tiana-19/Debt Colle - Transactions | Clio

## 13410-Healey.Tiana-19/Debt Colle
Debt Collection

|  | Share | Edit matter |

### Transactions

| Disburse funds | Transfer funds | New transaction |

| IOLTA ▼ | MM/D... 📅 | – | MM/D... 📅 | | Columns ▼ |

| Actions | Date ▼ | Sour... | Refe... | Client | Matter | Fund... | Fund... | Runn... |
|---------|--------|---------|---------|--------|--------|---------|---------|---------|
| | 10/31/2019 | Paym… from Clio Paym… for trust request #5832 | - | Tiana Healey | 13410-Heale… 19/Debt Colle | - | $500.00 | $500.00 |
| | | | | | | $0.00 | $500.00 | $500.00 |

| ◄ | ► | 1–1 of 1 | 50 ▼ | results per page | Export |

Help

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, state that on **November 12, 2020,** I caused the above document to be placed for service on the Defendants in the same manner as the Summons and Complaint, which will be served on Defendants on the date which it is served.

Date: **November 12, 2020**

Submitted,

*Curtis C. Warner*

Curtis C. Warner

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suit 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal

## STATE OF MICHIGAN
## IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY

TIANA HEALEY (nee) TIANA PALMER,               Case No. 20-014367-CZ
individually; and
TIANA HEALEY in a representative               **Hon. Annette J. Berry**
capacity on behalf of
similarly situated persons,

               Plaintiff,

      v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

              Defendants.
_____/

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT
## MARY JANE M. ELLIOTT P.C.

## DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the words "document" or "documents" is used in the broadest sense permissible, and shall include all writings, recordings and photographs as defined by Rule 1001 of the Michigan Rules of Evidence and all written, printed, typed, or graphic matter of any kind or nature, as defined in as defined in MCR 2.310 of the Michigan Court Rules and includes but is not limited to by way of illustration only and not by way of limitation, all original written, recorded or graphic material whatsoever and all copies thereof including but not limited to papers, books, records, letter, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, voice messages, computer electronic mail (e-mails), text messages, Instant Messages, .PDF files, .jpeg files, .MP3 files, .wav files, .dat files, .rtf files, .doc files, .txt files, Word files, Word Perfect files, Corel files, Excel files, or any other computer software, or any computer software used to write, record, or capture any writing, picture, voice, video, image or other electronic data, memorandum, notations, notes, work papers, transcripts, post-it notes, scrap paper, drafts (whether used or not), minutes, reports and recordings of telephone conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, slides, movies, DVDs, CD-ROMs, external storage devices, mainframes, hard drives, evaluations, contracts, agreements, agendas, newsletters, notices, announcements, advertisements, instructions, claims, manuals, brochures, books, publications, pamphlets, flyers, cards, magnetic tape, journals, statistical abstracts, desk calendars, appointment books, wall calendars, diaries, lists, computer print outs, data processing input and output, spreadsheets, books of account, mircrofilm, all versions of the drafts related to the foregoing documents, all pleadings and other papers filed with any state or federal court or administrative agency, and all things similar to any of the foregoing, however documented, now in the possession, custody or control of Defendant; or in the possession, custody or control of any agent, representative or any and all persons acting on Defendant's behalf, including documents at anytime in the

2

possession, custody or control of such individuals or entities, or known by Defendant to exist.  This definition expressly includes all electronically stored information, or "ESI".

       B.     If any document requested was, but no longer is in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost destroyed, transferred to a third party; and (c) an explanation of the circumstances surrounding the disposition of the document.

       C.     If you do not have all of the information that you need to make a complete response to any Interrogatory, state that your information is incomplete, provide all of the information that your have, and answer the Interrogatory to the extent possible.  If you have no information at all, so state, and include an explanation as to the (a) the nature of the information or knowledge that cannot be furnished; and (b) why the remainder cannot be answered.

       D.     "Identify" or "identity" or "identifications," when used with respect to a person, means to state the name, last known business and home address, telephone number, and if a corporation or other entity, the principal place of business of the person.

       E.     "Identify" or "identity" or "identifications," when used with respect to a document, means to state the general nature of the document (e.g., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy, cc:, bcc:, or otherwise know to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

       F.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or

3

whether in person, by telephone, voice message, mail, personal delivery, fax, e-mail, instant messenger, file sharing, messenger service, WebEx of any other remote access web or software program or otherwise.

      G.     "Identify" or "identification," when used with respect to a communication means to state the date of the communication; the type of the communication (e.g. telephone conversation, e-mail, in person meeting, etc.); the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person when it was made; and the subject matter discussed.

      H.     References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

      I.     "Person" or "individual" includes any natural person, individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, broad, authority, commission, trust, receiver, syndicate or any other group or combination acting as a unit, or acting as a form of legal entity.

      J.     "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

      K.     The terms defined in 15 U.S.C. § 1692a shall have the same meaning when used herein.

      L.     All other words shall be defined by their common meaning. If you are unable to determine the word's common meaning, please refer to Merriam-Webster Online. *Available at http://www.m-w.com/* and to Black's Law Dictionary (6th Ed.)

      M.     The singular shall always include the plural, the plural shall always include the singular, the past tense shall always include the present tense, and the present tense shall always include the past tense.

N.      If you are declining to respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis for the privilege claimed.

O.      If any paragraph of this request is believed by the responding party or the responding party's counsel to ambiguous or unduly burdensome, the responding party's counsel is requested to immediately contact Plaintiff's counsel and an effort will be made to remedy the issue.

P.      All class lists, if requested, are to be produced in an Excel spreadsheet.

Q.      If the responding party's counsel determines that a protective order is needed before answering any discovery request, the responding party's counsel is requested to immediately contact Plaintiff's counsel to effectuate an agreement as to submitting a proposed agreed protective order to the court.

R.      Any documents designated by the responding party as confidential prior to the entry of a protective order shall remain confidential until the entry or denial of the protective order. The confidentiality designation made prior to the entry of a protective order may be challenged as provided for in the protective order.

S.      All documents shall be produced in their native format. "Native format" is the default format of a file, or the form in which it was created on a particular software program. For example, documents created in Microsoft Word will be generated in the default native format ".doc". Likewise, a file created in Microsoft Excel will be in ".xls" format. Metadata has been described as "information describing the history, tracking, or management of an electronic document." *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005). Metadata typically includes information such as the author of the document, the date the document was created and last modified, additions and deleted items

5

in the document, and file permissions (e.g. who can read the data, who can write to it, who can run it). *Autotech Technologies Ltd. Partnership v. Automation Direct. com, Inc.*, 248 F.R.D. 556, 559 (N.D. Ill. 2008). An electronic document in native format will generally contain the metadata for that document. *Lorraine v. Market American Insurance. Co.*, 241 F.R.D. 534, 547 (D. Md. 2007). *Chapman v. General Bd. of Pension & Health Benefits of the United Methodist Church, Inc.*, 09 C 3474, 2010 U.S. Dist. LEXIS 66618 * 4 n.1 (N.D. Ill. July 6, 2010) (Cole, M.J.).

    T.    All documents if not produced in paper form shall be produced in .pdf format.

    U.    All documents shall be BATES stamped and BATES numbers are to be provided within in each Document Response to indicate which documents are responsive to each request.

    V.    All responses to Plaintiff's Document requests shall include the corresponding BATES numbers that are responsive to that numbered paragraph's request.

    W.    If a Midland is relying on documents to answer an Interrogatory, because the burden of deriving or ascertaining the answer will be substantially the same for either party the response shall also include the corresponding BATES numbers that are responsive to that numbered paragraph's Interrogatory.

    X.    "Midland" shall refer to Defendants Midland Funding, LLC and Midland Credit Management Inc.

    Y.    "Elliott" shall refer to Defendant Mary Jane M. Elliott.

    Z.    "Plaintiff" means the person whom Midland Funding, LLC sued in the case captioned Midland Funding LLC as Successor in Interest of Barclays Bank Delaware vs. Tiana Palmer, filed in the 35th District Court, State of Michigan, and assigned Case No. 17C240GC.

## INTERROGATORIES

**PLEASE ANSWER THE FOLLOWING:**

1.      For each of Elliott's defenses, including but not limited to affirmative defenses, that have been asserted or which are intended to be asserted in this lawsuit, identify all individuals with knowledge of the facts relevant to each and every defense, state the name and, if known, the business or home address and telephone number of each individual, state the date that person became aware of the facts relevant to each defense, and identify all documents that factually support each of the defenses.

**ANSWER:**

2.      Please identify and state the legal theories upon which Elliott's defenses are based upon, including the factual basis that supports each defense and providing citations to relevant legal authorities upon which the defense relies or intends to rely upon.

**ANSWER:**

3.      For each individual likely to have discoverable information that may be used or will be used by Elliott in their defense, and including all individuals disclosed in Elliott's witness list, please identify and state the name and, if known, the business or home address and telephone number of each individual along with identifying the specific information that the individual possesses.

**ANSWER:**

4.      Identify all documents, ESI, and tangible things that Elliott has in its possession, custody, or control and may use to support its defenses, including all defenses labeled as affirmative defenses.

**ANSWER:**

5.     Please provide a description by category and state the location of all documents, ESI, and tangible things that are not in Elliott's possession, custody, or control that Elliott may use to support its defenses and state the name and, if known, the business or home address and telephone number of each person who has possession, custody, or control of the documents, ESI, and tangible things.

**ANSWER:**

6.     For a time period from October 30, 2020 to October 30, 2014, please state the number of persons (a) wherein a state court lawsuit was filed in a court State of Michigan, (b) by Elliott in the name of its client, (c) in which the state court complaint contained an "account stated" claim (d) in which the underlying debt is a credit card account, and identify the name of the state court defendant and their last known address.

**ANSWER:**

7.     For each search done by Elliott or on Elliott's behalf in searching for the information requested in Interrogatory No. 6, above, please identify all searches done by any Elliott to ascertain the answer(s), including identifying the name, address and telephone number of every person who conducted the search, whether the search was done manually or electronically, and identify the process and methods, including identifying the terms or codes used to conduct the search.

**ANSWER:**

8.     Please identify all documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's name, telephone number or any other number, datum, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff's name or telephone number, and state the date Midland came into possession of each document.

**ANSWER:**

9.     For each code and abbreviation that appears in Elliott's account notes, electronic records, and/or files regarding Plaintiff, the account, file or debt, that Midland Funding LLC sued Plaintiff on, please identify each code and abbreviation and state the corresponding full word or meaning of that code or abbreviation.

**ANSWER:**

10.     Regardless of time, please identify all communications between Midland including Midland employees, owners, attorneys, and Elliott, including Elliott's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway including the debt or account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court, and state the date of the communication, identify each person involved in the communication, including their name, address and phone number, identify the entire text of the communication, or if the communication was oral provide a summary of or any notes reflecting or relating to the oral communication, and identify each and every document that was attached to or was enclosed or accompanied the communication, including any drafts of affidavits or declarations.

**ANSWER:**

11.     Excluding Midland's and Elliot's legal counsel, identify each person who prepared or assisted in the preparation of the response to each of these Interrogatories and identify each Interrogatory to which that person provided factual information that served as the basis for Midland's response.

**ANSWER:**

12.     Please state all facts that support any affirmative defense raised that Elliott's conduct was not intentional but was the result of a bona fide error notwithstanding Elliott's maintenance of procedures reasonably adopted to avoid such error(s), and identity the procedures

9

reasonably adopted to avoid such error(s), the date such procedures reasonably adopted to avoid

such error(s), identify all persons who involved in the attempted collection of the debt or account

at issue were provided the procedures reasonably adopted to avoid such error(s), and state the date

the person was provided the procedures reasonably adopted to avoid such error(s).

**ANSWER:**

    **13.**    Please identify all documents and account records that Elliott had in their

possession, custody or control regarding Plaintiff, as of June 7, 2017 that refer to or relate to

Plaintiff.

**ANSWER:**

    **14.**    From the beginning date in which the account was opened to June 7, 2017, please

identify all communications, including documents exchanged between Plaintiff, and Barclays

Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to

or refer to Plaintiff in anyway including the debt or account originating with Barclays Bank

Delaware that Plaintiff was sued upon in state court.

**ANSWER:**

    **15.**    Excluding all attorney communications, regardless of time, please identify all

communications, including documents exchanged between Elliott and Midland, including each

entities employees and owners, that relate to or refer to Plaintiff in anyway including the debt or

account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court.

**ANSWER:**

    **16.**    Describe the process by which Elliott decided to file suit on behalf of its client for

Midland Funding LLC against Plaintiff in the State of Michigan, identify the documents Midland

replied upon in making that decision to file suit against Plaintiff in the State of Michigan, and state

the name and business address of the person who made the decision for Midland Funding LLC to file suit against Plaintiff in the State of Michigan.

**ANSWER:**

    **17.**    Please state the last date of payment and the amount paid on the account Plaintiff was sued on in state court, and when did Elliott first know of the date?

**ANSWER:**

    **18.**    Please state the number of the form MC 01a-3 Summons and Complaint Elliott filed on an account containing 16 numbers for a time period from October 30, 2020 to October 30, 2014.

**ANSWER:**

**DOCUMENT PRODUCTION REQUESTS**

**PLEASE PRODUCE THE FOLLOWING DOCUMENTS**:

    **REQUEST NO. 1**. All documents, ESI, and tangible things that relate, refer to, or are the basis for each and every one of Elliott's defenses, including all defenses labeled as affirmative defenses that have been asserted or which are intended to be asserted in this lawsuit.

**RESPONSE:**

    **REQUEST NO. 2.**    Regardless of time, all communications, documents and ESI exchanged all communications, between Elliott and Midland, including each entities employees and owners, that relate to or refer to Plaintiff in anyway including the debt or account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court.

**RESPONSE:**

    **REQUEST NO. 3.**    Regardless of time, all documents that refer or pertain to Plaintiff, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's name,

11

telephone number or any other number, datum, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff's name or telephone number.

**RESPONSE:**

      **REQUEST NO. 4**. All documents that either Midland relied upon in answering Plaintiff's Complaint in this lawsuit.

**RESPONSE:**

      **REQUEST NO. 5.**  Regardless of time, all documents and communications between Elliott including Elliott's employees, owners, attorneys, and Barclays Bank Delaware, including Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Plaintiff in anyway, including the debt or account originating with Barclays Bank Delaware that Plaintiff was sued upon in state court, including but not limited to, any drafts of affidavits, affidavits, drafts of declarations, declarations, emails related to or involving the drafting of any declaration or affidavit prepared for use in this lawsuit, and statements and terms and conditions regarding to or related to the account Plaintiff was sued upon

**RESPONSE:**

      **REQUEST NO. 6.**   All documents relied upon by Elliott in answering Plaintiff's Interrogatories above.

      **RESPONSE:**

      **REQUEST NO. 7.**   All documents Elliott intends to use an exhibit at trial.

      **RESPONSE:**

      **REQUEST NO. 8.**   All documents and account records that Midland had in their possession, custody or control regarding Plaintiff, as of June 7, 2017 that refer to or relate to Plaintiff.

      **RESPONSE:**

**REQUEST NO. 9.**  All subpoenas issued by Elliott that relates to or refers to this lawsuit, and all documents obtained by Elliott from the issuance of any subpoena in this lawsuit.

**RESPONSE:**

**REQUEST NO. 10.**  All documents that Elliot replied upon in making that decision to file suit against Plaintiff on behalf of Midland Funding LLC.

**RESPONSE:**

Date: November 12, 2020

Submitted,

*Curtis C Warner*

Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St., Suite 250
Suite 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal
*Counsel for Plaintiff*

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, state that these discovery requests will be served upon Elliott's registered agent contemporaneously with the Summons and Complaint and in the same manner.

Date: November 12, 2020

Submitted,

*Curtis C Warner*

Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St., Suite 250
Suite 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal
*Counsel for Plaintiff*

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

## STATE OF MICHIGAN
## IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY

TIANA HEALEY (nee) TIANA PALMER,
individually; and
TIANA HEALEY in a representative
capacity on behalf of
similarly situated persons,

                Plaintiff,

      v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

              Defendants.
_____/

Case No. 20-014367-CZ

**Hon. Annette J. Berry**

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/

## NOTICE OF TAKING THE DEPOSITIONS OF
## MARY JANE M. ELLIOTT, P.C., AND SUSANNE STRICHARTZ

**TO:   ALL DEFENDANTS c/o THEIR RESPECTIVE REGISTERED AGENTS**

    **PLEASE TAKE NOTICE** that Plaintiff, by her Counsel, and in accordance with the

Michigan Court Rules, including  Michigan Court Rule 2.306(B)(5), shall on **January 11, 2020,**

**beginning at 10:00 a.m.[1],** shall take the testimony upon oral examination of the witnesses listed below on the matters set forth below, under oath and before a duly qualified stenographer via Zoom. Each deponent and counsel of record may appear remotely via Zoom[2] or may appear in person, at **Kelley & Evanchek, P.C., 43695 Michigan Ave., Canton, MI 48188.[3]**

Defendant Mary Jane M. Elliott, P.C. must designate one or more officers, directors, or managing agents, or other persons, who consent to testify on Mary Jane M. Elliott's behalf, respectively, and may set forth, for each person designated, the matters on which the person will testify. The persons designated shall testify to matters known or reasonably available to the organization.

| | |
|---|---|
| 1.  **SUSANNE STRICHARTZ** | **10:00 a.m.** |
| 2.  **MARY JANE M. ELLIOTT, P.C.** | **15 minutes Following the Conclusion of the Deposition of Susanne Strichartz** |

**Matters on Which Examination is Requested for Mary Jane M. Elliott P.C.:**

     **1.**     The investigation into each of the factual allegations asserted in Plaintiff's Complaint;

     **2.**     The investigation into the factual basis for Mary Jane M. Elliott's response to each of the factual allegations in Plaintiff's Complaint;

---

[1] If any of Defendants' counsel, counsel for the witness, or any of the witnesses, are unavailable for the deposition to take place at the time and date set forth in this notice, please promptly contact Plaintiff's counsel by email to reach a mutually agreeable time and date for the deposition(s) to move forward.

[2] Zoom Meeting Link and Phone Links will be obtained from the Court Reporter and forwarded by email to all counsel of record when the Links become available.

[3] If the deponent and/or any of Defendants' counsel desires to appear in-person, each person attending shall have had a COVID-19 test within the past week and not have tested positive for COVID-19 within the last 60 days, is not running a fever or experiencing any respiratory issues at the time of the deposition, and shall wear a face mask at all times in the office and agrees to socially distance themselves to the greatest extent possible.

**3.**     The investigation into and the factual basis for each of Mary Jane M. Elliott responses to Plaintiff's Interrogatories;

**4.**     The investigation into determining whether Mary Jane M. Elliott was in possession, custody, or control of any documents requested in Plaintiff's requests for documents;

**5.**     The documents that were in Mary Jane M. Elliott possession, control, or custody as of June 7, 2017, regarding an account originating with Barclays Bank Delaware, account number 4695963006233028.

**6.**     All communications with Delta Airlines Inc., regarding Tiana Healey (nee) Tiana Palmer;

**7.**     All communications, documents and ESI exchanged between Midland Credit Management Inc., and/or Midland Funding, LLC's and Mary Jane M. Elliott, P.C. including Mary Jane M. Elliott, P.C.'s employees, owners, attorneys, that relate to or refer to Tiana Healey (nee) Tiana Palmer in anyway including the debt or account Midland Funding, LLC sued Tiana Palmer on in state court in the case captioned *MIDLAND FUNDING LLC AS SUCCESSOR IN INEREST OF BARCLAYS BANK DELAWARE v. TIANA PALMER,* Case Number: 17C2420GC, State of Michigan, 35th Judicial District;

**8.**     The type of business that Mary Jane M. Elliott is engaged in, including the percentage of Mary Jane M. Elliott P.C.'s business that involves the collection of debts;

**9.**     Mary Jane M. Elliott P.C.'s written policies, practices and procedures regarding the venue a lawsuit was to be filed in that was in effect as of June 7, 2017.

**10.**    Mary Jane M. Elliott P.C.'s written policies, practices and procedures regarding postjudgment garnishments that was in effect as of December 3, 2019.

**11.**    All facts and documents that support Mary Jane M. Elliott P.C.'s affirmative defense that Mary Jane M. Elliott P.C.'s conduct was not intentional but was the result of a bona fide error notwithstanding Mary Jane M. Elliott P.C.'s maintenance of procedures reasonably adopted to avoid such error(s);

**12.**    The factual basis for each and every defense, including affirmative defenses, Mary Jane M. Elliott P.C.'s has asserted in this lawsuit Case No. 20-014367-CZ;

**13.**    For a time period from October 30, 2020 to October 30, 2014, the number of persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding LLC as the state court plaintiff, (c) in which the state court complaint contained an "account stated" claim and an affidavit signed by an employee of Midland Credit Management Inc. or an officer for Midland Funding LLC, (d) in which the underlying debt is a credit card account, and the methodology in determining the number of such lawsuits filed in Michigan;

**14.**    For a time period from October 30, 2020 to October 30, 2014, please state the number of lawsuits in the State of Michigan, that were filed in the name of Midland Funding LLC, in which the state court complaint was based on a credit card originating with Barclays Bank Delaware, in which the state court lawsuit was filed after six-years from the date of last payment or purchase on the account, and the methodology in determining the number of such lawsuits filed in Michigan;

**15.**    The decision to sue Tiana Palmer in Michigan on an account originating with Barclays Bank Delaware, account number 4695963006233028, and the documents reviewed in making that decision.

Date: November 12, 2020          Submitted,

Curtis C. Warner

3

Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St.
Suit 250
Corning, NY 14830
Tel: (888) 551-8685
cwarner@warner.legal
*Counsel for Plaintiff*

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

**STATE OF MICHIGAN**
**IN THE 3RD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY**

---

TIANA HEALEY (nee) TIANA PALMER,                    Case No. 20-014367-CZ
individually; and
TIANA HEALEY in a representative                    **Hon. Annette J. Berry**
capacity on behalf of
similarly situated persons,

        Plaintiff,

    v.

MIDLAND FUNDING LLC;
MIDLAND CREDIT MANAGEMENT, INC.;
MARY JANE M. ELLIOTT P.C.,

        Defendants.
_____/

John A. Evanchek (P66157)
KELLEY & EVANCHEK, P.C.
43695 Michigan Ave.
Canton, MI 48188-2516
Tel: (734) 397-4540
john@kelawpc.com

Curtis C. Warner (P59915)
5 E. Market St.
Suite 250
Corning, NY
Tel: (888) 551-8685
cwarner@warner.legal

*Counsel for Plaintiff*
_____/

**NOTICE OF TAKING DEFENDANTS**
**MIDLAND FUNDING LLC's AND MIDLAND CREDIT MANAGEMENT INC'S**
**DEPOSITIONS**

**TO:    ALL DEFENDANTS c/o THEIR RESPECTIVE REGISTERED AGENTS**

**PLEASE TAKE NOTICE** that Plaintiff, by her Counsel, and in accordance with the Michigan Court Rules, including  Michigan Court Rule 2.306(B)(5), shall on **January 8, 2020, beginning at 10:00 a.m.[1]**, shall take the testimony upon oral examination of **Midland Funding, LLC and Midland Credit Management, Inc.** on the matters set forth below, under oath and before a duly qualified stenographer via Zoom. Each deponent and counsel of record may appear remotely via Zoom[2] or may appear in person, at **Kelley & Evanchek, P.C., 43695 Michigan Ave., Canton, MI 48188.[3]**

Defendants Midland Credit Management Inc., and Midland Funding, LLC must designate one or more officers, directors, or managing agents, or other persons, who consent to testify on Defendants Midland Credit Management Inc., and Midland Funding, LLC's behalf, respectively, and may set forth, for each person designated, the matters on which the person will testify.  The persons designated shall testify to matters known or reasonably available to the organization.

**Matters on Which Examination is Requested:**

1.      The investigation into each of the factual allegations asserted in Plaintiff's Complaint;
2.      The investigation into the factual basis for Midland Credit Management Inc.'s and Midland Funding, LLC's response to each of the factual allegations in Plaintiff's Complaint;
3.      The investigation into and the factual basis for each of Midland Credit Management Inc.'s, and Midland Funding, LLC's responses to Plaintiff's Interrogatories;

---

[1] If any of Defendants' counsel, counsel for the witness, or any of the witnesses, are unavailable for the deposition to take place at the time and date set forth in this notice, please promptly contact Plaintiff's counsel by email to reach a mutually agreeable time and date for the deposition(s) to move forward.

[2] Zoom Meeting Link and Phone Links will be obtained from the Court Reporter and forwarded by email to all counsel of record when the Links become available.

[3] If the deponent and/or any of Defendants' counsel desires to appear in-person, each person attending shall have had a COVID-19 test within the past week and not have tested positive for COVID-19 within the last 60 days, is not running a fever or experiencing any respiratory issues at the time of the deposition, and shall wear a face mask at all times in the office and agrees to socially distance themselves to the greatest extent possible.

**4.**     The investigation into determining whether Midland Credit Management Inc., and/or Midland Funding, LLC's was in possession, custody, or control of any documents requested in Plaintiff's requests for documents;

**5.**     The documents that were in either Midland Credit Management Inc., and/or Midland Funding, LLC's possession, control, or custody as of March 20, 2017, regarding an account originating with Barclays Bank Delaware, account number 4695963006233028.

**6.**     All communications with Delta Airlines Inc., regarding Tiana Healey (nee) Tiana Palmer;

**7.**     All communications, documents and ESI exchanged between Midland Credit Management Inc., and/or Midland Funding, LLC's and Mary Jane M. Elliott, P.C. including Mary Jane M. Elliott, P.C.'s employees, owners, attorneys, that relate to or refer to Tiana Healey (nee) Tiana Palmer in anyway including the debt or account Midland Funding, LLC sued Tiana Palmer on in state court in the case captioned *MIDLAND FUNDING LLC AS SUCCESSOR IN INEREST OF BARCLAYS BANK DELAWARE v. TIANA PALMER,* Case Number: 17C2420GC, State of Michigan, 35th Judicial District;

**8.**     All communications, documents and ESI exchanged between Midland Credit Management Inc., and/or Midland Funding, LLC's and Barclays Bank Delaware's employees, owners, attorneys, that relate to or refer to Tiana Healey (nee) Tiana Palmer in anyway and/or regarding an account originating with Barclays Bank Delaware, account number 4695963006233028.

**9.**     The type of business that Midland Credit Management Inc., and Midland Funding, LLC is engaged in, including the percentage of Midland Credit Management Inc.,'s and Midland Funding, LLC's business that involves the collection of debts;

**10.**     Midland Credit Management Inc's, and/or Midland Funding, LLC's written policies, practices and procedures regarding the venue a lawsuit was to be filed in that was in effect as of March 20, 2017.

**11.**     Midland Credit Management Inc's and/or Midland Funding, LLC's written policies, practices and procedures regarding postjudgment garnishments that was in effect as of December 3, 2019.

**12.**     All facts and documents that support Midland Credit Management Inc's and/or Midland Funding, LLC's affirmative defense that Defendant's conduct was not intentional but was the result of a bona fide error notwithstanding Midland Credit Management Inc's and/or Midland Funding, LLC's maintenance of procedures reasonably adopted to avoid such error(s);

**13.**     The factual basis for each and every defense, including affirmative defenses, Midland Credit Management Inc's and/or Midland Funding, LLC's has asserted in this lawsuit Case No. 20-014367-CZ;

**14.**     For a time period from October 30, 2020 to October 30, 2014, the number of persons (a) wherein a state court lawsuit was filed in the State of Michigan, (b) in the name of Midland Funding LLC as the state court plaintiff, (c) in which the state court complaint contained an "account stated" claim and an affidavit signed by an employee of Midland Credit Management Inc. or an officer for Midland Funding LLC, (d) in which the underlying debt is a credit card account, and the methodology in determining the number of such lawsuits filed in Michigan;

**15.**     For a time period from October 30, 2020 to October 30, 2014, please state the number of lawsuits in the State of Michigan, that were filed in the name of Midland Funding LLC, in which the state court complaint was based on a credit card originating with Barclays Bank Delaware, in which the state court lawsuit was filed after six-years from the date of last payment

or purchase on the account, and the methodology in determining the number of such lawsuits filed in Michigan;

16.   The decision to sue Tiana Palmer in Michigan on an account originating with Barclays Bank Delaware, account number 4695963006233028, and the documents reviewed in making that decision.

Date: November 12, 2020                     Submitted,

*Curtis C Warner*

Curtis C. Warner

Curtis C. Warner (P59915)              John A. Evanchek (P66157)
5 E. Market St.                        KELLEY & EVANCHEK, P.C.
Suit 250                               43695 Michigan Ave.
Corning, NY 14830                      Canton, MI 48188-2516
Tel: (888) 551-8685                    Tel: (734) 397-4540
cwarner@warner.legal                   john@kelawpc.com
*Counsel for Plaintiff*

4