UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANA HEALEY (nee) PALMER,

        Plaintiff,                           Case No. 20-13209
vs.                                           HON. MARK A. GOLDSMITH

MARY JANE M. ELLIOT, P.C., et al.

        Defendants.

_____/

**OPINION & ORDER
GRANTING MOTION FOR LEAVE TO TAKE DISCOVERY (Dkt. 27) AND MOTION
TO AMEND (Dkt. 24)**

Plaintiff Tiana Healey has filed two motions. The first is a motion for leave to amend the complaint (Dkt. 24). The second is a motion (Dkt. 27) to take some limited discovery necessary to respond adequately to Defendants' motion to compel arbitration (Dkt. 23). For the reasons that follow, both of Healey's motions are granted.

    **A. The Motion to Amend (Dkt. 24)**

Healey filed the motion to amend the complaint after Defendants filed their motion to compel arbitration, with the express purpose of rendering Defendants' motion moot. See Mot. to Amend at 5–6; Mot. for Discovery at 4, n.1. The Court grants leave to amend pursuant to Rule 15(a)(2), which instructs that "the court should freely give leave when justice so requires."

Leave is appropriate in the absence of factors such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003).

Here, the case is still in its infancy, and Healey filed her motion promptly after being confronted with Defendants' motion to compel arbitration. Defendants label her effort to moot the motion to compel arbitration as "bad faith." Resp. to Mot. to Amend at 9-10 (Dkt. 29). However, they do not explain why this effort amounts to bad faith. To the contrary, parties and attorneys maintain a "continuing responsibility to review and reevaluate [their] pleadings and where appropriate modify them . . . ." Merritt v. International Ass'n of Machinists and Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010). There is nothing the least bit suspicious or improper about a plaintiff attempting to remove claims she believes could not survive a motion to dismiss.

Finally, concerning futility, a motion to amend should be denied "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). Courts have also denied motions to amend as futile where the claims presented in the proposed amended complaint would be subject to arbitration. E.g. Kutluca v. PQ New York Inc., 266 F. Supp. 3d 691, 704-705 (S.D.N.Y. 2017). Defendants argue that the motion to amend should be denied accordingly. However, briefing has not yet been completed on Defendants' motion to compel arbitration, and based on the limited record available, the Court cannot say with certainty that the claims raised in the proposed amended complaint will be subject to arbitration. It would be premature to label the amendment futile.

Healey's motion to amend is granted. An amended complaint must be filed within two days of issuance of this order. If upon review of the amended complaint Defendants agree with Healey that the claims are not subject to arbitration, Defendants must file a memorandum within two days of the filing of the amended complaint stating that they no longer seek to compel arbitration. In that event, Defendants' motion to compel arbitration will be denied, and Defendants will be relieved from the discovery obligations discussed in the balance of this opinion. If

Defendants do not timely file a memorandum to that effect, their discovery obligations will remain in effect.

### B. Motion for Discovery

Healey has also filed a motion for leave to take limited discovery, which she argues is necessary before she can adequately respond the Defendants' motion to compel arbitration. Limited discovery requests of this kind are entertained by courts in the Sixth Circuit, because motions to compel arbitration are evaluated much like motions for summary judgment:

> [W]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue. If the district court is satisfied that the agreement to arbitrate is not "in issue," it must compel arbitration. If the validity of the agreement to arbitrate is "in issue," the court must proceed to a trial to resolve the question. 9 U.S.C. § 4. In order to show that the validity of the agreement is "in issue," the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit.

Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002) (punctuation modified, citations omitted); Heath v. Virginia Coll., LLC, No. 3:17-CV-366-HSM-DCP, 2018 WL 5317929, at *5 (E.D. Tenn. July 2, 2018), report and recommendation adopted, No. 3:17-CV-366, 2018 WL 4521027 (E.D. Tenn. Sept. 21, 2018) ("Because the analysis of a motion to compel arbitration mirrors the summary judgment standard, the Court will look to Rule 56(d) for guidance with respect to the instant issue.").

Healey has followed the procedure prescribed by Rule 56(d) and this Court's previous order (Dkt. 22) by filing a motion and counsel's declaration (Dkt. 27-3) explaining why discovery is necessary before she can respond to Defendants' motion to compel arbitration. Specifically, she seeks to place in issue whether the right to compel arbitration was validly assigned from Barclays Bank Delaware to Defendant Midland Funding, LLC. Mot. for Discovery at 3. Whether such an assignment occurred is doubtless material, as Defendants have asserted that Barclay's sold and

assigned Plaintiff's debt and accompanying contract—which included the right to compel arbitration—to Midland Funding, LLC. Mot to Compel Arb. at 3-4. If that sale and assignment were somehow defective, it could well undermine the theory that Defendants have presented for requiring arbitration.

As to whether Healey can prove that a genuine dispute exists as to this material fact, she reasonably argues that she needs to take discovery because she lacks access to the document and witnesses necessary to prove her position. Specifically, she states that she requires production of the "Forward Flow Purchase Agreement" between Barclay's and Midland, and to take four ninety-minute depositions of individuals involved in the sale and assignment of her debt and accompanying contract.

Defendants argue that the discovery requests "are egregiously overbroad, unduly burdensome, and seek largely irrelevant information." Resp. to Mot. for Discovery at 6 (Dkt. 28). They argue that the Forward Flow Purchase Agreement is confidential, proprietary, and irrelevant. Id. at 6. They further argue that similar forward flow purchase agreements have been found by other courts to assign a right to compel arbitration, id. at 6-7; that the deposition of Adam Swaninger, Defendant Midland Credit Management, Inc.'s manager of operations, is unnecessary because Swaninger submitted a declaration providing "all the information necessary" to prove the existence of an arbitration agreement, id. at 8-9; and that Defendants cannot be compelled to produce non-party Barclay's employee, id. at 9.

The document and depositions all appear plainly relevant to the question of whether the right to compel arbitration was validly assigned to Midland Funding, LLC. What other courts have found in other cases is not dispositive, as the question here is whether Healey's debt and contract were validly sold and assigned. Concerning the assertion that the discovery sought is burdensome

and disproportionate to the needs of the case, Defendants have failed to explain why six hours of depositions and production of one document would constitute an unreasonable request. The argument that Swaninger's deposition is unnecessary because he has already submitted a declaration runs completely contrary to the adversarial system of which discovery is a part. See, e.g., Sauer v. Xerox Corp., 938 F. Supp. 155, 162 (denying summary judgment prior to discovery and noting Supreme Court precedent disfavoring "trial by affidavit"). Finally, although Defendants may not be able to produce witnesses they do not control, such depositions can presumably be accomplished by subpoena.

Concerning the Forward Flow Purchase Agreement, Defendants have not presented an argument for why their right to maintain proprietary and confidential information cannot be ensured by a protective order. To the end, the Court issues the following limitations on the production of the Forward Flow Purchase Agreement:

1. It may not be used for any purpose other than for this litigation.

2. It may not be shown to anyone other than counsel (their staff and consultants), the parties to this litigation, and witnesses. All individuals to whom the document is shown must execute a statement that they will not disclose the document or its contents to any other person, except in accordance with this protective order.

3. Defendants may redact dollar amounts, account numbers, and personal identifying information.

The Forward Flow Purchase Agreement must be turned over to Healey within seven days of issuance of this order. Depositions must be completed within 21 days of issuance of this order. Healey must file her response to Defendants' motion to compel arbitration within 35 days of issuance of this order.

### C. Conclusion

Plaintiff's motions (Dkts. 24, 27) are granted in accordance with the specific instructions set out above.

SO ORDERED.

Dated: April 27, 2021                   s/Mark A. Goldsmith
       Detroit, Michigan            MARK A. GOLDSMITH
                                United States District Judge